[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 09, 2005
THOMAS  K. KAHN
CLERK

No. 04-13660
_____

D. C. Docket No. 01-00305-CR-T-17TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO ALEGRIA,

Defendant-Appellant.

_____

No. 04-13756
_____

D. C. Docket No. 01-00305-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM CUERO MOSQUERA,

Defendant-Appellant.

_____

No. 04-13826

_____

D. C. Docket No. 01-00305-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANIBAL RENTERIA RENTERIA,

Defendant-Appellant.

_____

No. 04-13872

_____

D. C. Docket No. 01-00305-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO CANDELO PERLAZA,

Defendant-Appellant.

2

_____

Appeals from the United States District Court
for the Middle District of Florida
_____
(August 9, 2005)


Before BIRCH, CARNES and FAY, Circuit Judges.

PER CURIAM:

Gerardo Alegria, William Cuero Mosquera, Anibal Renteria Renteria, and Rodolfo Candelo Perlaza each pleaded guilty to conspiracy to possess with the intent to distribute and possession with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903. Each defendant argues that the district court made two errors in determining his sentence: that the district court erred in failing to apply a minor role reduction pursuant to U.S.S.G. § 3B1.2; and that the district court erred under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005).[1]

This is the second time these cases have been before this Court. In the first appeal, which was brought by the government, we vacated the sentences of each of

_____

[1]This case was originally scheduled for oral argument, but argument was cancelled pursuant to 11th Cir. R. 34-3(f).

3

the defendants because the district court applied minor role based on improper factors. See United States v. Alegria, No. 03-11641 (11th Cir. Mar. 18, 2004) (unpublished). On remand, the district court determined that minor role reductions were not warranted under the principles announced in United States v. Rodriguez De Varon, 175 F.3d 930 (11th Cir. 1999) (en banc). Each defendant was then sentenced to 135 months imprisonment.

The facts, as recounted by our previous opinion in this case, are as follows:

> On July 25, 2001, Defendants were aboard a "go-fast" boat in the Eastern Pacific Ocean off the coast of Colombia in international waters. Members of the United States Coast Guard onboard the United States Navy vessel USS Monsoon observed and sought to apprehend the speed boat. While the captain piloting the go-fast boat attempted to evade the Navy vessel, Defendants began to throw items overboard. After about a fifty mile chase, one of the go-fast boat's engines blew out and the Coast Guard successfully stopped the vessel. When the crew members did not respond to the Coast Guard's questions regarding the nationality of the vessel, the Coast Guard boarded the boat and detained the crew. Although the crew members then asserted that the speed boat was registered in Guatemala, Guatemalan officials denied this claim. The go-fast boat was therefore found to be a stateless vessel subject to the jurisdiction of the United States. The Coast Guard then returned to the area where the crew members were observed throwing items overboard, and they recovered about 1,513 kilograms of cocaine. After recovering the cocaine, the Coast Guard returned to the go-fast boat, determined it was a hazard to navigation, and sank the vessel.

Alegria, No. 03-11641.

Each defendant contends that he was a minor participant in the drug scheme and, therefore, the district court erred by not applying a minor role reduction

4

pursuant to U.S.S.G. § 3B1.2(b). The district court's factual determination regarding whether a defendant is eligible for a role reduction is reviewed only for clear error. See United States v. Rodriguez De Varon, 175 F.3d 930, 934 (11th Cir. 1999) (en banc).

A district court can apply a two-point reduction to a defendant's offense level if that defendant is a "minor" participant in the offense. U.S.S.G. § 3B1.2(b). A defendant is a minor participant if he "plays a part in committing the offense that makes him substantially less culpable than the average participant[,] . . . but [his] role could not be described as minimal." Id. cmt. nn.3(A) & 5. Two basic principles guide the determination of whether a defendant should receive a role in the offense reduction: "[F]irst, the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct." Rodriguez De Varon, 175 F.3d at 940.

None of the defendants has shown that his role in the relevant conduct was "minor." The most persuasive piece of evidence against all four of them is the fact that the United States Coast Guard recovered approximately 1,513 kilograms of cocaine, valued at over twenty million dollars, from the small boat on which the defendants were crew members. Being a crew member on a small boat carrying

5

such a large quantity of cocaine is a fact that weighs heavily against a minor participation finding. Id. at 943.

Nor has any of the defendants demonstrated that his role was minor as compared to the other participants in the relevant conduct for which he was held accountable. Alegria served as the mechanic for the go-fast boat. His role became particularly important as he was required to repair some mechanical problems during the trip. Mosquera and Perlaza helped pilot the go-fast boat, taking turns with some of the other defendants. Renteria also helped navigate and pilot the go-fast boat during the drug excursion. Testimony during the sentencing hearing established that experienced mariners such as Mosquera, Perlaza, and Renteria are essential to a maritime drug trip such as this one.

Based on these facts, none of the defendants has established that he was "substantially less culpable than the average participant" in this drug venture involving 1,513 kilograms of cocaine. See U.S.S.G. § 3B1.2(b) cmt. n.3(A). None, therefore, has demonstrated that the district court clearly erred in determining that he was not entitled to a minor role adjustment.

The defendants next argue that the district court erred under the Supreme Court's Booker decision.[2] They first argue that the district court committed a

_____

[2] Alegria did not specifically argue the Booker issue in his initial brief to this court. He did, however, attempt to adopt the arguments raised by his co-defendants through Fed. R. App.

Booker constitutional error by enhancing their sentences based on facts that were neither found by a jury nor admitted by them. In particular, the defendants contend that the district court engaged in extra-verdict factfinding with regard to the quantity of drugs used to calculate their offense levels. They assert that the district court during sentencing should have been limited to the five kilograms charged in the indictment or, at most, the one hundred kilograms discussed during the plea colloquy.

Each of the defendants, however, admitted that the drug quantity involved in the drug run was 1,513 kilograms. They did so in order to avail themselves of the safety-valve reduction. The defendants did not object to the 1,513 kilogram drug quantity as presented in the PSI and, as a result, they are deemed to have admitted it. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). There is, therefore, no Booker constitutional error.

Nonetheless, because the district court sentenced the defendants under a mandatory guidelines system, it has committed a Booker statutory error. Id. at 1330–31. Because each defendant made a timely objection before the district

---

P. 28(i). Although he did not follow to the letter our 11th Cir. R. 28-1(f), we find it appropriate under these circumstances to consider Alegria's Booker argument properly raised. See Fed. R. App. P. 2 ("[A] court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules . . . ."); cf. United States v. Gray, 626 F.2d 494, 497 (5th Cir. 1980) (finding good cause to relax the provisions of Rule 28(i) in order to avoid the anomalous situation of reversing only some defendants' convictions where all the defendants suffered from the same error).

court, we review the <u>Booker</u> statutory errors to determine whether they were harmless. <u>See</u> <u>United States v. Mathenia</u>, 409 F.3d 1289, 1291 (11th Cir. 2005).

A <u>Booker</u> statutory error "is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." <u>Id.</u> at 1292 (quotations and marks omitted). The burden is on the government to show that the error was harmless. <u>Id.</u>

The government has not met its burden as to any of the defendants. It has pointed to nothing in the record indicating that the district court would have given these defendants the same sentence had it been operating under an advisory guidelines system.

VACATED and REMANDED.