[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-17198
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00305-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO CANDELO PERLAZA,

Defendant-Appellant.

_____

No. 05-17199
Non-Argument Calendar

_____

D. C. Docket No. 01-00305-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM CUERO MOSQUERA,

Defendant-Appellant.

_____

No. 06-10052
Non-Argument Calendar
_____

D. C. Docket No. 01-00305-CR-T-17TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANIBAL RENTERIA RENTERIA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(December 21, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

More than four years ago, Anibal Renteria Renteria, Rodolfo Candelo

Perlaza, and William Cuero Mosquera pleaded guilty to possessing with the intent

to distribute and conspiring to possess with the intent to distribute five kilograms

or more of cocaine aboard a vessel subject to United States jurisdiction, in

2

violation of 46 App. U.S.C. § 1903(a), 21 U.S.C. § 841(b)(1)(A)(ii), and 18 U.S.C. § 2. This is the third appeal of their sentences.

The defendants were originally sentenced to prison terms of between 50 and 57 months. In the first appeal, the government argued that these sentences were too low, because in deciding to apply a minor-role reduction the district court improperly considered the defendants' personal circumstances (age, family, education, economic circumstances, health, and likelihood of being deported). We agreed that the district court erred and vacated the defendants' sentences for the district court to reevaluate the minor-role reductions without considering those personal circumstances. United States v. Alegria, No. 03-11641 (11th Cir. Mar. 18, 2004).

On remand, the district court sentenced each of the defendants to 135-months in prison, which was consistent with the then-mandatory sentencing guidelines. This time, the district court found that the defendants' offense conduct did not warrant a minor-role reduction. In the second appeal, the defendants argued that (1) the minor role they played in the drug importation scheme required that the district court adjust their sentences downward, and (2) the 135-month sentence ran afoul of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). We agreed that the district court had committed a Booker statutory error by

3

sentencing the defendants under a mandatory guidelines regime, and so again we vacated the defendants' sentences and remanded for the district court to reconsider in light of Booker. United States v. Alegria, Nos. 04-13660, 04-13756, 04-13826, 04-13872 (11th Cir. Aug. 9, 2005). We also held that the district court did not clearly err in determining that the defendants were not entitled to a minor-role adjustment. Id.

At their resentencing hearing the defendants asked the district court, in its consideration of the 18 U.S.C. § 3553(a) factors, to sentence them below the advisory guideline range (which was 135 to 168 months in prison) because they played a minor role in the drug importation scheme, had no property interest in the drugs, were not likely to commit additional crimes because of their advanced age and poor physical conditions, and were needed by their families for financial support. At the defendants' request the district court also considered the evidence they had presented at their prior sentencing hearings. In the end, after considering all the evidence, the district court again sentenced the defendants to 135 months in prison, which was the low end of the advisory guideline range.

This is the defendants' appeal of their 135-month sentences.

**I.**

The defendants first contend that the district court applied the sentencing

guidelines in a mandatory fashion, contrary to the Supreme Court's instruction in

Booker. They point to some of the district court's statements made during

sentencing, which, according to the defendants, suggest that the court thought it

was bound to give the defendants a sentence within the advisory guideline range,

even after Booker.

The transcript of the defendants' third sentencing hearing does not bear out

the defendants' claim. At the hearing, the district court made the following

statement as to each defendant:

> After considering the advisory sentencing guidelines and all the
> factors identified in Title 18, United States Code, Section 3553(a), one
> through seven, the Court finds that the sentence imposed is sufficient
> but not greater than necessary to comply with the statutory purposes
> of sentencing.

(R10:307:38, 51, 72) (emphasis added). The district court also said at the joint

sentencing hearing:

> Where we are going to go from here, I'm not sure. But fortunately we
> at least know that the guidelines are advisory now and that's where we
> are and so we apply them until further news from the Supreme Court
> about what, if anything, they may do in the future.

Id. at 43 (emphasis added). These statements prove that the district court

understood that the guidelines were advisory and sentenced the defendants after

considering the guidelines and the section 3553(a) factors, which is what the court

must do after Booker.

5

## II.

The defendants next contend that the district court erred in failing to give them a minor-role reduction for their limited part in the drug importation scheme. The government responds that this contention is precluded by the law of the case doctrine.

"The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case." United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005). Here, the defendants' minor-role reduction argument was explicitly litigated and rejected in the second appeal from their sentences. The panel in that appeal held:

> Based on [the] facts [in this case], none of the defendants has established that he was "substantially less culpable than the average participant" in this drug venture involving 1,513 kilograms of cocaine. See U.S.S.G. § 3B1.2(b) cmt. n.3(A). None, therefore, has demonstrated that the district court clearly erred in determining that he was not entitled to a minor role adjustment.

Alegria, Nos. 04-13660, 04-13756, 04-13826, 04-13872, at 6. The defendants do not argue that any of the exceptions to the law of the case doctrine apply to them. Thus, they are barred from raising their minor-role reduction issue again in this appeal.

## III.

The defendants' final argument is that their sentences are unreasonable

because:  (1) they are too long and are not individualized based on the mitigating evidence; (2) they were based on an impermissible factor, i.e., the education the defendants will receive in prison; (3) they are based on a fact that was not in evidence before the district court, i.e., that the cocaine on the defendants' boat was headed to the United States; and (4) they were longer than the sentence given to the captain of the boat who was more culpable.  Our review for reasonableness after Booker is "deferential."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both th[e] record and the factors in section 3553(a)."  Id.

As to the defendants' first argument about reasonableness, each defendant was given the opportunity to present mitigating evidence.  The court explicitly stated that it considered the evidence each defendant presented in light of the section 3553(a) factors, but concluded that the harm of delivering more than 1,500 kilograms of cocaine into the international drug trade and the deterrent effect Congress intended to bring about through long sentences for drug smuggling outweighed the poverty of the defendants and the unlikelihood of recidivism.  Even so, the district court sentenced the defendants to the low end of the guidelines.  The defendants have not met their considerable burden of showing that this was

7

unreasonable.

Second, it was not impermissible for the district court in sentencing the defendants to consider the education that they would receive in prison. Section 3553(a) specifies that "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed . . . to provide the defendant with needed educational . . . training." 18 U.S.C. § 3553(a)(2)(D).

Third, the evidence did establish as a fact that the cocaine the defendants were delivering was headed for the United States. At the defendants' second sentencing hearing, an FBI specialist in the drug trade testified that cocaine delivered to Guatemala or Mexico on go-fast boats, which is where the defendants were headed with the cocaine before they were caught, is eventually smuggled into the United States. This testimony was incorporated into the third hearing.

Finally, the fact that the captain of the defendants' boat received a different sentence is only one of the section 3553(a) factors that the district court must consider in reaching a sentence. The district court considered this fact along with all the other relevant mitigating and aggravating circumstances, and concluded that the defendants' deserved a sentence at the low end of the advisory guideline range. The defendants have not shown that this was unreasonable.

AFFIRMED.