[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10245
Non-Argument Calendar
_____

D. C. Docket No. 04-01055-CV-T-24-TBM

GERALDINE DAR DAR,

Plaintiff-Appellant,

versus

ASSOCIATED OUTDOOR CLUB, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 23, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Geraldine Dar Dar, proceeding pro se, filed suit in the United States District

Court for the Middle District of Florida against her former employer, Associated Outdoor Club, Inc. (AOC), alleging hostile work environment and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a) and 3(a). She subsequently amended her complaint to add, among others, claims under the Florida Civil Rights Act of 1992 (FCRA).[1]

Dar Dar alleged ten incidents of conduct, described below, that she contends established a hostile work environment. She also alleged that AOC retaliated against her for complaining about this conduct. AOC moved for summary judgment on both the hostile work environment and retaliation claims. The district court granted summary judgment as to nine of the incidents of conduct Dar Dar alleged. It denied summary judgment as to the remaining incident of conduct and as to the retaliation claim. The court then conducted a bench trial, finding in favor of AOC on Dar Dar's remaining claims.

Dar Dar appeals both the partial grant of summary judgment and the adverse judgment entered after the bench trial. She argues that the district court erred in approximately thirteen ways. These arguments are best divided into three general contentions: (1) that the district court erred in granting partial summary judgment,

---

[1] Florida modeled its civil rights act after Title VII, and Florida courts have subsequently applied Title VII case law to the FCRA. Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998). Consequently, the analysis of Title VII case law in this opinion applies to Dar Dar's FCRA claims as well.

2

(2) that the court erred in entering judgment for AOC on the hostile work environment claim, and (3) that the court erred by entering judgment for AOC on the retaliation claim. We consider each position in turn.

**I.**

Dar Dar's first contention is that the district court erred by granting summary judgment to AOC as to most of the alleged incidents of harassment. She argues that each incident is relevant to establishing a hostile work environment and that the district court incorrectly considered the alleged incidents of sexual harassment in isolation rather than as a whole. We review de novo the district court's grant of summary judgment. Sierra Club v. Tenn. Valley Auth., 430 F.3d 1337, 1345-46 (11th Cir. 2005).

Dar Dar alleged that while working as a pari-mutuel clerk at AOC, d/b/a Tampa Greyhound Track, she was subjected to a sexual harassment because: (1) a male clerk poked her in the side, (2) her co-workers asked her to accompany them for drinks after work, (3) clerk Tony Guzman asked her if she wanted a woman to bring her food like his girlfriend, clerk Charlyn Brodie, had brought him food, (4) Guzman bumped her on the shoulder after she complained to management about him, (5) she saw Brodie and Guzman on the street she lived on, (6) unknown people let air out of her tires, (7) she witnessed a female clerk bring in a magazine

3

that sold underwear with a "built-in-butt," (8) clerk Robert Diez asked her whether she had ever seen such an apparatus, (9) Guzman told her that while he was in the men's restroom, he saw an individual's "whale of a dick," and (10) she was touched repeatedly on her buttocks by other clerks, including Joe Capitano, a male, and Jean Reker, a female.

The district court granted summary judgment as to all but the last incident of conduct, the repeated touching of Dar Dar's buttocks by other clerks. It found that the first seven incidents were not based upon Dar Dar's sex, and that incidents eight and nine—Diez asking Dar Dar if she had ever seen a "built-in-butt" and Guzman commenting about seeing a "whale of a dick"—were isolated incidents not sufficiently severe or pervasive to create a hostile working environment. The court concluded that Dar Dar's allegations that people kept touching her buttocks, however, created a genuine issue of material fact for trial. We agree with the district court that summary judgment was appropriate as to the first seven incidents. We hold, however, that incidents eight and nine should not have been resolved at summary judgment under the circumstances of this case.

Title VII prohibits "hostile work environment" sexual harassment. See Walton v. Johnson & Johnson Servs., Inc., 347 F.3d 1272, 1279 (11th Cir. 2003). To establish a prima facie case of hostile work environment sexual harassment, a

4

plaintiff must show that: (1) she belongs to a protected group, (2) she has been subject to unwelcome harassment, (3) the harassment was based upon her sex, (4) the harassment "was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment," and (5) the employer is responsible for such an environment. Id. at 1279–80.

The Supreme Court has identified four factors to consider in determining whether harassing conduct is sufficiently severe or pervasive to alter an employee's terms or conditions of employment: (1) "the frequency of the discriminatory conduct," (2) the severity of the conduct, (3) whether the conduct "is physically threatening or humiliating, or a mere offensive utterance[,] and" (4) whether the conduct "unreasonably interferes with the employee's job performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, 114 S. Ct. 367, 371 (1993).

"Establishing that harassing conduct was sufficiently severe or pervasive to alter an employee's terms or conditions of employment includes a subjective and an objective component." Mendoza v. Borden, Inc., 195 F.3d 1238, 1246 (11th Cir. 1999). Whether the objective component has been satisfied "can be determined only by looking at all the circumstances." Harris, 510 U.S. at 23, 114

5

S. Ct. at 371.  Courts must "examine the conduct in context, not as isolated acts, and determine under the totality of the circumstances whether the harassing conduct is sufficiently severe or pervasive" to create a hostile working environment.  Mendoza, 195 F.3d at 1246.

Dar Dar's first seven instances of alleged harassment are easy to resolve. The district court found that they were neither sexual in nature nor based on Dar Dar's sex.  We agree.  However, the district court dismissed incidents eight and nine—Diez asking Dar Dar if she had ever seen "built-in-butt" and Guzman commenting about seeing a "whale of a dick"—for a different reason.  It considered each incident in turn and found them each to be "isolated."  This method of analysis is inconsistent with Supreme Court and circuit precedent.  Both the Supreme Court and this circuit has held that the severity and pervasiveness of "harassing conduct" is judged "under the totality of the circumstances."  Mendoza, 195 F.3d at 1246; see Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 81, 118 S. Ct. 998, 1002-03 (1998); Harris, 510 U.S. at 23, 114 S. Ct. at 371.  The district court should have examined incidents eight, nine and ten "in context, not as isolated acts."  Mendoza, 198 F.3d at 1246.  Breaking the alleged harassing conduct down act-by-act and then concluding that each act is "isolated" is a bit like executing a self-fulfilling prophecy; every act viewed individually appears

6

isolated.

Applying the totality of the circumstances test, we hold that incidents eight and nine cannot be resolved at the summary judgment stage. If Dar Dar's only two allegations were of Diez and Guzman's crude comments, we would readily agree with the district court that these instances are not even close to severe enough or pervasive enough to alter the terms or conditions of Dar Dar's employment. But Dar Dar also alleged that she was touched repeatedly on her buttocks by other clerks, and the district court found that this allegation raised a genuine issue of material fact for trial. It is impossible for incident ten to survive summary judgment and for incidents eight and nine to falter. If Dar Dar's allegation that she was touched on her buttocks was, by itself, sufficient to create a genuine issue for trial under the totality test, then this allegation plus two additional allegations of sexual conduct must necessarily do so as well.[2] Consequently, we AFFIRM the district court's partial grant of summary judgment as to incidents one through seven and REVERSE it as to incidents eight and nine.

However, the district court need not conduct any additional evidentiary proceedings on remand if it determines that even if Dar Dar's allegations about

_____

[2] By contrast, the district court's grant of summary judgment on the first seven incidents is proper. Because those incidents were not sexual in nature, they do not constitute "harassing conduct" to which the totality of circumstances test can be applied. See Mendoza, 195 F.3d at 1246 (applying the test of severity and pervasiveness to "harassing conduct.")

incidents eight and nine are true, that conduct when added to incident ten still does not total sexual harassment. We leave that decision to the district court.

## II.

Dar Dar's second contention is that the district court erred in entering judgment for AOC on her hostile work environment claim. Because the district court did not consider evidence of two relevant instances of conduct at trial, we cannot determine how it would have ruled had it done so. Therefore, we VACATE the order entering judgment on Dar Dar's hostile work environment claim and REMAND for a determination as to whether consideration of these additional instances alters the court's resolution of that claim. What we said in the previous paragraph about the possibility that no new evidentiary proceedings will be required applies here as well.

## III.

Finally, Dar Dar contends that the district court erred when it entered judgment for AOC on her retaliation claim. "We review the district court's findings of fact for clear error and its analysis of law de novo." Doe v. Dekalb County Sch. Dist., 145 F.3d 1441, 1445 (11th Cir. 1998) (reviewing bench trial of claim brought pursuant to the Americans with Disabilities Act); see also Fed. R. Civ. P. 52(a) (stating that a district court's findings of fact in a bench trial "shall

not be set aside unless clearly erroneous"). "Findings based on the credibility of witnesses demand even greater deference to the trial court's findings . . . ." Burrell v. Bd. of Trs. of Ga. Military Coll., 125 F.3d 1390, 1394 (11th Cir. 1997) (quotations omitted). Furthermore, "[w]hen there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. (quotations omitted).

Dar Dar alleged that AOC retaliated against her by: (1) terminating her employment in May 2003 after she complained about the harassment in November 2002, and (2) creating a supervisor's log in January 2003, which contained three complaints against her—two for being rude to customers and one for refusing to serve a customer.

In order to establish a claim of retaliation, Plaintiff must prove by a preponderance of the evidence that: (1) she engaged in a statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was related to her protected activities. Coutu v. Martin County Bd. of County Comm'rs, 47 F.3d 1068, 1074 (11th Cir. 1995). To constitute an adverse action, an "employer's challenged action . . . would have [to have] been material to a reasonable employee." Burlington N. & Santa Fe Ry., Co. v. White, ___ U.S. ___, ___, 126 S. Ct. 2405, 2410 (2006) (internal quotations omitted). Material actions

9

are those that "could well dissuade a reasonable worker from making or supporting a charge of discrimination." Id. at 2409.

The district court found that Dar Dar's complaints of harassment could constitute statutorily protected activity and that her termination was an adverse employment action.[3] However, the court concluded that she had failed to prove causation by a preponderance of the evidence. The district court did not clearly err.

Dar Dar last complained of harassment in November 2002, but she was not terminated until May 2003. The length of time between her complaints and her termination weighs against a finding of causation. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74, 121 S. Ct. 1508, 1511 (2001) (relying on cases that held a 3-month period and a 4-month period were insufficient to support causation to hold that the 20-month period before the court was also insufficient). Dar Dar elicited testimony from a former manager that one of her supervisors at the track felt that she complained too much and was looking to fire her. However, the former manager's statement occurred sometime in 2001, approximately a year-and-

_____

[3] The district court did not explicitly address Dar Dar's claim that the creation of the supervisor's log was an adverse action. It was not. The creation of a complaint log only becomes "material to a reasonable employee" once the employer uses that log as the basis for disciplining or terminating the employee. Burlington, ___ U.S. at ___, 126 S. Ct. at 2409. Thus, Dar Dar's termination was the adverse action, not the creation of the complaint log.

a-half prior to Dar Dar's termination. During the intervening time, Dar Dar received multiple complaints for behaving rudely to customers and for refusing to serve a customer. The district court explicitly determined that AOC's managers were credible when they testified that Dar Dar was terminated based on these complaints. We grant deference to the credibility determinations of the district court, Burrell, 125 F.3d at 1394, and find that it did not clearly err. We therefore AFFIRM the judgment in favor of AOC on Dar Dar's retaliation claim.

**REVERSED in part, VACATED and REMANDED in part, and AFFIRMED in part.**