[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 7, 2007
THOMAS K. KAHN
CLERK

No. 07-10618
Non-Argument Calendar

_____

D. C. Docket No. 04-01055-CV-T-24TBM

GERALDINE DAR DAR,

Plaintiff-Appellant,

versus

ASSOCIATED OUTDOOR CLUB, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 7, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Geraldine Dar Dar appeals the district court's judgment in favor of her

former employer, Associated Outdoor Club, Inc., in her hostile work environment sexual harassment case, brought pursuant to the Florida Civil Rights Act and Title VII.[1] This is Dar Dar's second appeal in this matter.

Before the first appeal, the district court granted summary judgment for Associated on Dar Dar's retaliation claim and found that most of the incidents which formed the basis of her hostile work environment claim were insufficient as a matter of law to support such a claim. As to the remaining incidents, where Dar Dar's coworkers touched her buttocks, the district court concluded that they could be severe enough to have subjected her to a hostile work environment. The district court conducted a bench trial on the remaining incidents and, at the end of it, entered judgment for Associated.

Dar Dar appealed the judgment for Associated, arguing that the district court erred: (1) in granting summary judgment for Associated on her retaliation claim; (2) in granting summary judgment on her hostile work environment claim to the extent that she relied on incidents other than the buttocks touching; and (3) in granting judgment to Associated at the subsequent bench trial on the hostile work environment claim based on the buttocks touching incidents.

---

[1] The FCRA is patterned after Title VII, and thus federal case law dealing with Title VII is applicable to employment discrimination claims brought under Florida law. Maniccia v. Brown, 171 F.3d 1364, 1368 n.2 (11th Cir. 1999). Therefore, Dar Dar's FCRA claim will analyzed together with the Title VII claim.

We affirmed the summary judgment for Associated on her retaliation claim and agreed with the district court that the majority of incidents alleged by Dar Dar to have created a hostile work environment were insufficient as a matter of law to support such a claim. However, we reversed the court's summary judgment as to two of the incidents found by the court to be insufficient as a matter of law to support a hostile work environment claim—the inappropriate comments made by Robert Diez and Tony Guzman—concluding that these, together with the buttocks touching incidents, raised a genuine issue of material fact as to Dar Dar's hostile work environment claim.

We vacated the judgment and remanded for the district court to determine whether the following alleged acts subjected Dar Dar to a hostile work environment: (1) Dar Dar being touched repeatedly on her buttocks by co-workers; (2) Robert Diez asking Dar Dar if she had seen or worn panties with a "built-in butt"; and (3) Tony Guzman telling Dar Dar that he had seen an individual's "whale of a dick" in the restroom. Dar Dar v. Associated Outdoor Club, Inc., No. 06-10245 (11th Cir. Oct. 23, 2006). On remand, the district court found without further evidentiary proceedings that these acts, taken as a whole, did not establish that Dar Dar was subjected to a hostile work environment.

Dar Dar contends that this Court erred in the first appeal by not directing the

3

district court on remand to consider evidence of the other non-sexual incidents that we concluded in the first appeal were insufficient as a matter of law to support a hostile work environment claim and to consider Associated's alleged failure to take effective action to address Dar Dar's complaints. Because we have already ruled on these matters, however, we are bound by the law of the case to reject this contention. "The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case." United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005). Although exceptions exist, such as when "we are convinced [that] our decision in the prior appeal is clearly erroneous and following it would work a manifest injustice," none of them are present in this case. Id.

Dar Dar's second contention is similar to the first, in that it essentially challenges one of our rulings in the first appeal. Dar Dar contends that we erred in affirming the district court's grant of summary judgment to Associated on the retaliation claim. See Dar Dar, No. 06-10245, at 11. For the same reasons her first contention is barred by the law of the case doctrine, this one is also.

Dar Dar's third contention is that the district court failed to consider the "built-in butt" and "whale of a dick" comments and the touching of her buttocks under the totality of the circumstances analysis, as we directed it to do. See id. To

4

the contrary, the district court explicitly considered all of the circumstances in concluding that the facts alleged by Dar Dar did not establish a hostile work environment claim under the FRCA or Title VII. For example, the court said:

> [E]ven if Capitano and/or Reker's touching could be considered sexual in nature or based on Plaintiff's sex, consideration of their conduct in addition to Diaz and Guzman's comments would not change the outcome in this case, because it is clear to the Court that these incidents, considered together, were not so severe or pervasive that they materially altered the conditions of Plaintiff's employment.

(emphasis added)

Finally, Dar Dar challenges the district court's legal conclusion that she did not prove that all of the alleged sexual harassment together created a hostile work environment by a preponderance of the evidence. We review "the district court's . . . analysis of law de novo." Doe v. Dekalb County Sch. Dist., 145 F.3d 1441, 1445 (11th Cir. 1998).

Title VII prohibits "hostile work environment" sexual harassment. See Walton v. Johnson & Johnson Servs., Inc., 347 F.3d 1272, 1279 (11th Cir. 2003). To establish a prima facie case of hostile work environment sexual harassment, a plaintiff must show that: (1) she belongs to a protected group; (2) she has been subject to unwelcome harassment; (3) the harassment was based upon her sex; (4) the harassment "was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working

5

environment"; and (5) the employer is responsible for such an environment. Id. at 1279–80.

The Supreme Court has identified four factors to consider in determining whether harassing conduct is sufficiently severe or pervasive to alter an employee's terms or conditions of employment: (1) "the frequency of the discriminatory conduct"; (2) the severity of the conduct; (3) whether the conduct "is physically threatening or humiliating, or a mere offensive utterance"; and (4) whether the conduct "unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, 114 S.Ct. 367, 371, (1993).

There were two sexually inappropriate comments and two incidents of intentional buttocks touching over the course of 22 months. In Gupta v. Fla. Bd. of Regents, over the course of six or seven months, the male supervisor of a female professor repeatedly called her at her home, once complimented her appearance, twice stared at her, once placed his hand on her knee, once touched the hem of her dress, once touched her ring and bracelet, and repeatedly asked her out to lunch. 212 F.3d 571, 585 (11th Cir. 2000). The Court held that the supervisor's conduct, while perhaps "annoying or inappropriate," was not sufficiently serious to support a sexual harassment claim. Id. The two instances of employees touching Dar

6

Dar's buttocks—in one of which the toucher was a woman in her seventies—and the two risque comments are no more serious than the conduct we held did not establish a hostile work environment in <u>Gupta</u>. As the Supreme Court has stated, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." <u>Farragher v. City of Boca Raton</u>, 524 U.S. 775, 788, 118 S.Ct. 2275, 2283 (1998) (citation omitted). The district court did not err in finding that Dar Dar failed to prove that the alleged sexual harassment created a hostile work environment.

**AFFIRMED.**