[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11075
Non-Argument Calendar

_____

D. C. Docket Nos. 06-01076-CV-ORL-22 & 06-00620-BK-KSJ

IN RE:    SUSAN WACZEWSKI,                                    Debtor.

_____

SUSAN WACZEWSKI,

Plaintiff-Appellant,

versus

LAURIE K. WEATHERFORD,

Defendant-Appellee,


CENTRAL FLORIDA INVESTMENTS, INC.,
CFI SALES AND MARKETING, LTD,
WESTGATE VACATION VILLAS, LTD,


Intervenors-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 23, 2007)**

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

This is the second appeal in this bankruptcy case. In the first appeal, appellant Susan Waczewksi challenged the bankruptcy court's order approving the settlement of a lawsuit in her bankruptcy estate. We affirmed. In this second appeal, Waczewski challenges the bankruptcy court's refusal to set aside the order affirmed in her first appeal. After review, we conclude that Waczewski's new challenge is barred by the doctrine of the law of the case and affirm.

## I. BACKGROUND

### A. First Appeal

Waczewski filed for Chapter 7 bankruptcy on October 12, 1999.[1] At the time, Waczewksi was a plaintiff in a civil action in state court for injuries against the owner of certain property and for wrongful termination and coercion/intimidation against her former employers. Once Waczewski filed for Chapter 7 bankruptcy, her state court claims became property of her bankruptcy estate.

The Chapter 7 bankruptcy trustee decided to settle the state court claims. Waczewski opposed the trustee's decision to settle the claims against her former

---

[1]Waczewski's husband also filed for Chapter 7 bankruptcy and was an appellant in the last appeal to this Court. Mr. Waczewski is not a party to the instant appeal.

employers (hereinafter the "second compromise").[2]  In an effort to regain control of those claims, Waczewski filed a number of motions, including a motion to convert her Chapter 7 bankruptcy to a Chapter 13 bankruptcy.  While Waczewski's motion to convert was pending, the bankruptcy court entered an order approving the proposed second compromise.  The bankruptcy court also denied Waczewski's various motions, including the motion to convert to a Chapter 13 proceeding because Waczewski had not obtained her husband's consent.

Waczewski appealed to the district court.  The district court affirmed, <u>inter alia</u>, the bankruptcy court's orders approving the second compromise and denying Waczewski's motion for conversion to a Chapter 13 bankruptcy.

Waczewski appealed to this Court.  The Court affirmed the district court's order affirming the bankruptcy court's approval of the second compromise, but vacated and remanded as to the denial of Waczewski's motion to convert.  This Court rejected the bankruptcy court's conclusion that Waczewski required her husband's consent to convert to a Chapter 13 bankruptcy.  The Court also declined to affirm the denial of the motion to convert to Chapter 13 bankruptcy on the ground relied upon by the district court, namely Waczewski's bad faith in filing the

---

[2]The bankruptcy court approved the trustee's negotiated settlement with the property owner without objection by Waczewski.  That settlement was the "first compromise."  Thus, the second compromise involves only her claims against her former employers.

motion. The Court explained that the bankruptcy court had not made a finding of bad faith in the first instance and remanded "for the bankruptcy court to consider the factual question of whether or not this request was made in bad faith." This Court also denied Waczewski's petition for rehearing.

## B. Second Appeal

At an evidentiary hearing on remand, Waczewski testified that she could accomplish her goal of presenting her creditors with a more beneficial plan only by regaining control of the lawsuit against her former employers. Waczewski also presented to the bankruptcy court a Motion to Set Aside Second Compromise and Motion to Enforce Mandate of the Eleventh Circuit Court of Appeals, which the bankruptcy court took under advisement.

The bankruptcy court granted Waczewski's motion to convert to a Chapter 13 bankruptcy. The bankruptcy court noted that Waczewski "was unable to articulate any way" that Waczewski could regain control of her claims against her former employers given that "[t]he Eleventh Circuit has entered a final judgment approving the trustee's compromise of the lawsuit." The bankruptcy court further found that Waczewski "earns insufficient monies to fund any legitimate Chapter 13 plan" and "is not motivated by any desire to pay her creditors but rather wants to punish her former employer by continuing the litigation against it." In sum, the

4

bankruptcy court found that Waczewski could <u>not</u> "in good faith propose a Chapter 13 plan."

Nonetheless, the bankruptcy court concluded, based on uncertainty in the law, that Waczewski should be given one opportunity to convert to a Chapter 13 case "no questions asked." However, the bankruptcy court noted that this conversion "seems an exercise in futility" given that Waczewski could not regain control of the lawsuit. In a separate order issued the same day, the bankruptcy court denied Waczewski's motion to set aside the second compromise.

In denying Waczewski's motion for reconsideration, the bankruptcy court explained that it was bound by this Court's limited remand, as follows:

> The Court in its most recent order merely endeavored to explicitly follow the Eleventh Circuit's instructions on remand to consider whether Mrs. Waczewski filed her request to convert her Chapter 7 case to a case under Chapter 13 in good faith or in bad faith. The Court does not believe it misconstrued these clear and simple instructions. Mrs. Waczewski has failed to demonstrate any basis for reconsideration.

Waczewski appealed to the district court, which affirmed the bankruptcy court, stating that "[t]he settlement approval is a done deal. It is law of the case." The district court further explained that any arguments Waczewski raised about the bankruptcy court's approval of the second compromise should have been raised during her first appeal to this Court and thus had been waived.

5

Waczewski filed this appeal.

## II. DISCUSSION

On appeal, Waczewski challenges the bankruptcy court's denial of her motion to set aside the order approving the second compromise. The problem for Waczewski is that our prior opinion remanding the Chapter 13 conversion portion of her case also affirmed the bankruptcy court's order approving the second compromise and remanded solely for the purpose of allowing the bankruptcy court to make a factual finding regarding whether Waczewski sought conversion in good or bad faith.[3] Thus, the threshold issue is whether, given this Court's limited remand, the law of the case doctrine and the mandate rule precluded the bankruptcy court from setting aside the order approving the second compromise.[4]

"The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case." United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005). "The mandate rule

---

[3]The bankruptcy court noted a split in the courts over whether a debtor's request to convert to a Chapter 13 proceeding could be denied based on the debtor's bad faith given that § 706(a) of the Bankruptcy Code permits debtors a "one time absolute right" to convert to a Chapter 13 proceeding. The bankruptcy court also noted that a petition for certiorari raising this issue was pending in the Supreme Court. The Supreme Court ultimately granted certiorari and concluded that the bankruptcy court could disallow conversion based on a finding of the debtor's bad faith. See Marrama v. Citizens Bank of Mass., 549 U.S. ___, 127 S. Ct. 1105, 1111-12 (2007).

[4]We review de novo whether the law of the case doctrine applies. Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1285 (11th Cir. 2004).

is simply an application of the law of the case doctrine to a specific set of facts." Litman v. Mass. Mut. Life Ins. Co., 825 F.2d 1506, 1511 (11th Cir. 1987) (en banc). "A district court when acting under an appellate court's mandate, cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." Id. at 1510-11 (quotation marks omitted). The trial court "must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion, and the circumstances it embraces." Piambino v. Bailey, 757 F.2d 1112, 1119 (11th Cir. 1985) (citations omitted). Thus, "[a]lthough the trial court is free to address, as a matter of first impression, those issues not disposed of on appeal, it is bound to follow the appellate court's holdings, both expressed and implied." Id. (citations omitted).

Waczewski argues that, when this Court's prior opinion is read carefully and in context, its mandate did not foreclose setting aside on remand the order approving the second compromise. Waczewski acknowledges that by affirming the district court's order approving the second compromise, the Court's ruling "appears to be a specific mandate." However, she contends that the mandate "becomes ambiguous" when it is read in context.

We do not find the mandate of the Court's prior opinion ambiguous. With regard to the Chapter 13 conversion, this Court concluded that Waczewski had an absolute right to convert to a Chapter 13 proceeding, provided she had not requested the conversion in bad faith.[5] The Court remanded solely to determine whether Waczewski filed her motion for conversion in good faith. Furthermore, the Court necessarily addressed whether the state court action remained in Waczewski's estate when it affirmed the bankruptcy court's order approving the second compromise. Had the Court intended for Waczewski's state court action to remain in her estate if her case was converted to a Chapter 13 proceeding, the Court would have vacated rather than affirmed the bankruptcy court's approval of the second compromise.[6] The letter and spirit of this Court's prior opinion is that, upon a showing of good faith, Waczewski should be permitted to convert her case to a Chapter 13 bankruptcy, but that the civil claims against her former employer were properly settled and were no longer part of Waczewski's bankruptcy estate.[7]

_____

[5]This conclusion is consistent with Marrama v. Citizens Bank of Massachusetts, 549 U.S. __, 127 S. Ct. 1105 (2007). Thus, to the extent Waczewski argues that Marrama presents an intervening change in the law that excepts her case from application of the law of the case doctrine, that argument is without merit.

[6]Indeed, Waczewski urged the Court in her petition for rehearing to vacate as premature the order approving the second compromise, and the Court denied her petition for rehearing.

[7]The gravamen of Waczewski's argument is essentially that affirming the approval of the Chapter 7 trustee's second compromise while at the same time requiring the bankruptcy court to permit Waczewski to convert to a Chapter 13 proceeding absent a finding of bad faith is inconsistent with § 706(a). Even assuming arguendo that this issue was not addressed in the first

Having already been reviewed and settled in her first appeal, the propriety of approving the second compromise became the "law of the case" and was outside the scope of this Court's limited remand. Therefore, the bankruptcy court did not err in denying Waczewski's motion to set aside the second compromise.

**AFFIRMED.**

---

appeal and not prohibited by the law of the case doctrine, the issue was ripe and should have been timely raised in the first appeal. Thus, even if Waczewski is not barred by the doctrine of the law of the case, she is barred by the doctrine of waiver. See Martin v. Atl. Coast Line R.R. Co., 289 F.2d 414, 416 (5th Cir. 1961) (refusing to consider argument raised in second appeal that could have been raised in first appeal); see also United States v. Fiallo-Jacome, 874 F.2d 1479, 1482 (11th Cir. 1989) (concluding that criminal defendant waived issues raised in his second appeal that could have been raised in first appeal).