[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11122
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 30, 2008
THOMAS K. KAHN
CLERK

D.C. Docket Nos.
07-00214-CV-ORL-19 & 06-00620-BK-KSJ

IN RE:  SUSAN WACZEWSKI,

Debtor.

_____

SUSAN WACZEWSKI,

Plaintiff-Appellant,

versus

LEIGH R. MEININGER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 30, 2008)**

Before ANDERSON, HULL and COX, Circuit Judges.

PER CURIAM:

The relevant facts are adequately summarized in the district court's order from which this appeal is taken. (R.5-42 at 1-5.) Susan Waczewski appeals the district court's order affirming the bankruptcy court's allocation of the Second Compromise and denial of sanctions against Leigh Meininger, Waczewski's former Chapter 7 Trustee.[1] We affirm.

## I. Discussion

A. There was no error in the approval of the Second Compromise nor in the allocation of its funds.

Waczewski argues on appeal that the bankruptcy court erred in its allocation of the funds from the Second Compromise. Despite her protestations to the contrary, however, we construe her argument to be that the bankruptcy court erred in not setting aside the Order Approving the Second Compromise.[2] Waczewski does not argue that the allocation of 13% to Mr. Waczewski's estate was improper because

---

[1]Waczewski also argues that the district court improperly limited the scope of her appeal to only one final order of the bankruptcy court. Waczewski's brief does not demonstrate error in the district court's order dismissing those appeals from orders for which Waczewski paid no filing fee. (R.3-22 at 5-6.)

[2]Even if we generously construe Waczewski's brief as truly asking for a different allocation of the Second Compromise, we would affirm the allocation made by the bankruptcy court and affirmed by the district court. Waczewksi told the bankruptcy court that she "would not object to a distribution between the relevant Estates that applies the same ratio of apportionment as was agreed in the First Compromise." (R.4-36 at 244-245.) The bankruptcy court apportioned the Second Compromise according to Waczewski's wishes; we discern no error.

2

some other allocation is called for under the Second Compromise; she argues that the Second Compromise lacks an allocation provision, is consequently incomplete, and therefore should be set aside. Waczewski states multiple times in her brief, "Appellant sees no option for the Bankruptcy Court other than to set aside the Order Approving the Second Compromise." (Appellant Br. at 21, 25.)

This is the third time Waczewski has appealed to this court asking us to set aside the bankruptcy court's approval of the Second Compromise. *In re Waczewski*, 241 F. App'x 647, 648 (11th Cir. 2007). When Waczewski was before us last year making the same argument she makes today, we held that "the propriety of approving the second compromise became the 'law of the case' . . . . Therefore, the bankruptcy court did not err in denying Waczewski's motion to set aside the second compromise." *Id.* at 652. We repeat this holding today.

B.  The bankruptcy court did not err in denying sanctions against Waczewski's former Chapter 7 Trustee, Meininger.

Waczewski appeals the bankruptcy court's denial of her motion for sanctions against her former Chapter 7 Trustee, Meininger. In support of her argument, she reargues the factual bases for her motion. We have reviewed the bankruptcy court's order on this motion (R.3-8 at 80-81), and the district court's affirmance of that order (R.5-42 at 7-11). Like the district court, we conclude that the bankruptcy court's

3

findings regarding Mr. Meininger's motivations and intentions were not clearly erroneous, and we conclude that the bankruptcy court did not abuse its discretion in denying the motion. Accordingly, we affirm the denial of sanctions against Meininger.

## II. Conclusion

For the reasons stated above, we affirm the district court's order.

AFFIRMED.