[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14592
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 04-60039-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THEODIS JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 17, 2010)

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

In *United States v. Jones,* 280 Fed.Appx. 899 (11ᵗʰ Cir. 2008), we affirmed

Theodis Jones's sentence of 188 months' imprisonment—imposed following a plea of guilty pursuant to a plea agreement—for conspiracy to possess with intent to distribute crack cocaine.[1] In July 2009, he petitioned the district court for a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel the Government to move the court pursuant to Federal Rule of Criminal Procedure 35(b) to reduce his sentence in accordance with the "substantial assistance" provision of the plea agreement. The court denied his motion, noting that Jones well understood that, under the plea agreement, the Government retained the unfettered discretion whether to seek a sentence reduction or not. Jones now appeals the court's ruling, arguing that the plea agreement required the Government to evaluate his conduct, make a good-faith determination of whether his conduct merited a substantial-assistance motion, and then inform the court of his assistance. He argues, moreover, that the Government's failure to file such motion was in bad faith and not rationally related to a legitimate government end and therefore denied him due process of law.

We review the district court's denial of a petition for writ of mandamus for abuse of discretion. *See Kerr v. U. S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976) (reviewing denial of writ of mandamus pursuant to 28 U.S.C. § 1651(a)). A district court has original

---

[1] Jones was indicted for this offense in February 2004.

2

jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *See In re BellSouth Corp.*, 334 F.3d 941, 953 (11th Cir. 2003) (quotation omitted) (reviewing petition for writ of mandamus to disqualify opposing counsel). "The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable." *Id.* (quotations omitted). A writ of mandamus "is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (quotations and alteration omitted).

Rule 35(b)(1) provides that "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." In addition, Rule 35(b)(2) states:

> Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> > (A) information not known to the defendant until one year or more after sentencing;
> >
> > (B) information provided by the defendant to the government

within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Finally, Rule 35(b)(3) states that "[i]n evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance." Finally, in the original sentencing context, U.S.S.G. § 5K1.1 provides that:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

The government has the power, but not the duty, to file a substantial-assistance motion when the defendant has provided substantial assistance. *See Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992) (addressing the government's failure to file a substantial-assistance motion in the § 5K1.1 context); *see United States v. McNeese*, 547 F.3d 1307, 1308-09 (11th Cir. 2008) (applying *Wade* in the Rule 35(b) context), *cert. denied*, 129 S.Ct. 2031 (2009). Federal district courts may review the government's refusal to file a substantial-assistance motion if the defendant first makes a "substantial threshold

showing" that the refusal was based upon an unconstitutional motive, such as race or religion. *Id.* at 185-86, 112 S.Ct. at 1843-44 (quotation omitted); *see also United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) (limiting "review of the government's refusal to file substantial assistance motions to claims of unconstitutional motive").

In this case, Jones failed to demonstrate that he had a clear right to the relief requested, or that the Government had a clear duty to file a substantial-assistance motion. In that he made no claim that the Government's failure to file the motion was due to an unconstitutional motive, the district court had no basis for granting the writ.

AFFIRMED.