[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13194
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:04-cr-60039-WPD-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THEODIS JONES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 19, 2011)

Before WILSON, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

Theodis Jones appeals *pro se* the district court's denial of his motion to compel specific performance of a provision of his plea agreement concerning the government's filing of a substantial-assistance motion. Upon review, we affirm the judgment of the district court.

In 2009, Jones filed a similar motion to compel specific performance of the plea agreement. Aside from an equal protection claim, the instant appeal advances substantially the same arguments as that earlier motion. A panel of this court previously affirmed the denial of the 2009 motion, concluding that Jones "failed to demonstrate that he had a clear right to the relief requested, or that the Government had a clear duty to file a substantial-assistance motion." *United States v. Jones*, 368 F. App'x 959, 961 (11th Cir. 2010) (per curiam).

The law-of-the-case doctrine prohibits "relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case." *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005). We are bound by the findings of fact and conclusions of law of a prior appeal in the same case unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (per

2

curiam).

We do not find that any of the exceptions to the law-of-the-case doctrine apply here. There has been no new evidence submitted, and we find no controlling authority necessitating a different result than we reached in Jones's 2009 appeal. Furthermore, Jones has not advanced an argument to convince us that the 2009 decision was clearly erroneous.

Jones's one new claim, that the government violated his equal protection rights, was already decided by necessary implication in our 2009 decision. Analysis of the equal protection claim would necessarily involve evaluating the quality and significance of Jones's assistance and reviewing the government's decision not to file a substantial-assistance motion on his behalf. This point is foreclosed by our prior opinion, *see Jones*, 368 F. App'x at 961, and there is no exception that would compel us to reevaluate that conclusion.[1]

**AFFIRMED.**

---

[1]Because these claims are barred by the law-of-the-case doctrine, we find that counsel is unnecessary to assist in Jones's appeal. Accordingly, his request for appointment of appellate counsel is DENIED.