[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 17, 2012
JOHN LEY
CLERK

No. 10-14097
Non-Argument Calendar
_____

D.C. Docket No. 5:08-cr-00005-RS-LB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KARRIECE QUONTREL DAVIS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 17, 2012)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Karriece Davis, proceeding *pro se*, appeals from the district court's denial

of his postjudgment Motion to Enforce Specific Performance of the Plea

Agreement.[1] In his appeal, Davis claims that the Government violated several provisions of the plea agreement.[2]

I

Davis first argues that the Government breached the plea agreement by failing to file a substantial-assistance motion. We review the Government's alleged breach of a plea agreement *de novo*. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004).

"Due process requires the government to adhere to the terms of any plea bargain or immunity agreement it makes." *United States v. Harvey*, 869 F.2d 1439, 1443 (11th Cir. 1989) (en banc). The federal courts, though, have authority to review the government's refusal to file a substantial-assistance motion only if the refusal is based on an unconstitutional motive. *Wade v. United States*, 504 U.S. 181, 185–86, 112 S. Ct. 1840, 1843–44 (1992). A defendant's claim that he "merely provided substantial assistance" or generalized allegation of improper

---

[1] The Government contends that we do not have jurisdiction over this appeal because Davis did not obtain a certificate of appealability (COA). However, a COA is not necessary because Davis is not challenging the constitutionality of his sentence and incarceration through a habeas motion, but is simply seeking to enforce the terms of his plea agreement. *See* 28 U.S.C. § 2253(c)(1).

[2] Davis contends that he is entitled to relief under Federal Rule of Criminal Procedure 35(b). Although we liberally construe *pro se* pleadings, we cannot permit a party to bring a claim which they are prohibited from bringing under the Rules. *See* Fed. R. Crim. P. 35(b) (allowing a reduction in sentence for substantial assistance only upon the government's motion).

motive does not entitle him to a remedy. *Id.* at 186, 112 S. Ct. at 1844.

Here, Davis does not allege that the Government had an unconstitutional motive in deciding not to file a substantial-assistance motion. Furthermore, the plea agreement gave the government sole discretion to determine whether Davis provided substantial assistance. The record reflects that the Government refused to file the motion due to Davis's untruthfulness and inconsistent cooperation, which is not an unconstitutional motive. Therefore, relief is not proper.

II

Davis also argues that the Government breached the plea agreement by using protected statements he uttered during his debriefing sessions at sentencing. Federal Rule of Criminal Procedure 11 provides that the admissibility of plea discussions and related statements is governed by Federal Rule of Evidence 410. Fed. R. Crim. P. 11(f). Rule 410 states that any statement made during the course of guilty plea proceedings or plea discussions with the prosecution that do not result in an ultimate plea are inadmissible against the defendant in criminal proceedings. In addition, the Sentencing Guidelines provide that when the Government agrees that self-incriminating information provided pursuant to the cooperation agreement will not be used against the defendant, such information "shall not be used in determining the applicable guideline range, except to the

3

extent provided in the agreement." U.S.S.G. § 1B1.8(a).

Here, the Government agreed not to use the statements Davis made pursuant to the agreement only if Davis satisfied the terms and conditions of the agreement. Davis did not comply with the terms because he did not fully cooperate with the Government; therefore, the Government did not violate the plea agreement.

III

Finally, Davis argues several general violations of his plea agreement. When analyzing whether a defendant's rights have been substantially affected or prejudiced, we examine the three "core concerns" of Rule 11: "(1) ensuring that the guilty plea is free of coercion; (2) ensuring that the defendant understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea." *United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003) (citation omitted). A plea colloquy is not grounds for reversal so long as it adequately addresses these three core concerns. *Id.* "There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Davis claims that the Government violated a prior agreement that it would dismiss a counterfeiting charge if he cooperated. Davis does not provide any evidence to support this assertion. Rather, Davis stated during his plea colloquy

4

that he did not enter into an oral agreement with the Government after his 2005 arrest and that the plea agreement represented the entire agreement between the parties.

Davis then argues that the Government failed to advise the court of the full nature and extent of his cooperation. The record reflects that the Government did inform the court of Davis's cooperation. The Government characterized Davis's cooperation as "unsuccessful" and explained that he refused to fully cooperate. Additionally, a Federal Law Enforcement Officer testified that Davis had never been truthful, candid, or complete in his debriefings.

Lastly, Davis argues that the Government ignored his requests for counsel when Agents discussed his plea agreement with him and then incorrectly advised him about the terms of the agreement. However, Davis admitted during his plea colloquy that he had the opportunity to discuss his plea agreement with his attorneys and his counsel of record signed the plea agreement.

After reviewing the parties' briefs and the record before us we find no reversible error.

**AFFIRMED.**