**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Karriece Quontrel DAVIS,**
**Defendant–Appellant.**

No. 15–15227
**Non–Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 07/26/2016

Michael Thomas Simpson, U.S. Attorney's Office, Tallahassee, FL, Robert G. Davies, U.S. Attorney's Office, Pensacola, FL, for Plaintiff–Appellee

Pamela C. Marsh, Pro Se

Karriece Quontrel Davis, Pro Se

Before WILSON, WILLIAM PRYOR, and FAY, Circuit Judges.

**PER CURIAM:**

Karriece Davis appeals the denial of his second motion for reconsideration of the district court's decision not to compel the Government to file a Rule 35(b) motion. Davis bases his arguments on a provision of his plea agreement that provided if, in the United States Attorney's sole discretion, Davis provided substantial assistance to the Government prior to or within one year of sentencing, then the U.S. Attorney would file a substantial assistance motion. We conclude that his appeal is foreclosed by an earlier decision from this court and thus affirm.

Davis advanced substantially the same arguments in a motion four years ago. *See United States v. Davis,* 451 Fed.Appx. 876, 877–78 & n.2 (11th Cir. 2012) (per curiam). When presented with these arguments previously, we affirmed the district court's decision to deny Davis's motion to enforce specific performance of the plea agreement because (1) "the plea agreement gave the government sole discretion to determine whether Davis provided substantial assistance," and (2) "[t]he record reflects that the Government refused to file the motion due to Davis's untruthfulness and inconsistent cooperation, which is not an unconstitutional motive." *See id.* at 878. Thus, Davis had failed to show he was entitled to relief.

"The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case." *United States v. Jordan,* 429 F.3d 1032, 1035 (11th Cir. 2005). Under that doctrine, we are bound by findings of fact and conclusions of law that we made in a prior appeal "unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a con-

trary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (per curiam).

It follows that our conclusions in the 2012 appeal bind us here unless one of the exceptions applies. We conclude that no exception saves Davis's current appeal. Davis has not introduced substantially different evidence or argued for the applicability of any new, controlling precedent. Furthermore, our prior decision was not clearly erroneous.

Davis's only new claim—that the Government's refusal to file a Rule 35(b) motion violates his equal protection rights because the Government filed such motions for other, similarly situated persons—was implicitly resolved in our 2012 decision. At that time, we concluded the Government refused to file a Rule 35(b) motion in light of Davis's dishonesty and inconsistent cooperation. That ruling forecloses us from reassessing the extent of Davis's assistance and reviewing the Government's refusal to file. Accordingly, we affirm.

**AFFIRMED.**[1]

---

**1.** Davis's motion for leave to amend his reply brief is GRANTED. We are in receipt of the supplemental materials Davis submitted and considered the same in deciding this appeal.