[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13938
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:07-cr-20759-AJ-12


UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ALBERTO L. GONZALEZ,
a.k.a. Huevo,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 17, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Alberto Gonzalez, proceeding *pro se*, appeals the district court's

determination that it lacked jurisdiction to consider his motion seeking resentencing. Upon review, we affirm.

After he was convicted and sentenced to 92 months' imprisonment for a drug crime in 2008, Gonzalez appealed and this court affirmed his conviction and sentence. Gonzalez then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied that motion and we, in turn, denied Gonzalez's motion for a Certificate of Appealability.

Two years later, Gonzalez, proceeding *pro se*, filed a "Motion to Re-Open [His] Sentence Pursuant to Law of the Case Doctrine." Just as he had at his sentencing hearing and in his § 2255 motion, Gonzalez argued that the district court erroneously included in its calculation of his sentencing guidelines range two convictions he received prior to the age of 18. He also contended that, on resentencing, he should receive the benefit of a recent amendment to the sentencing guidelines that would reduce his criminal history points by two. The district court determined it that lacked jurisdiction to consider that motion. For the reasons that follow, we agree.

We review jurisdictional questions *de novo*. *United States v. Oliver*, 148 F.3d 1274, 1275 (11th Cir. 1998). The circumstances under which a district court may modify a defendant's sentence are limited, and a court has no inherent

authority to modify a sentence it previously has rendered, even if it was erroneous. *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Without a specific statutory basis to do so, a court lacks jurisdiction to consider a defendant's request that his sentence be lowered. *Id.* at 1315, 1317-19.

Gonzalez contends that the district court had jurisdiction to modify his sentence under the manifest injustice exception to the law-of-the-case doctrine. *See United States v. Jordan*, 429 F.3d 1032, 1036 (11th Cir. 2005) (stating that law-of-the-case doctrine will not bar reconsideration of a decision if it was "clearly erroneous and following it would work a manifest injustice"). But the law-of-the-case doctrine is not an independent basis for jurisdiction. Rather, the doctrine expresses courts' general unwillingness (and the exceptions to that unwillingness) to revisit previously decided issues over which they already have jurisdiction. *See id.* at 1035; *see also Goodwin v. Johnson*, 224 F.3d 450, 458 (5th Cir. 2000) ("A decision on the applicability of the doctrine . . . presupposes that an issue . . . is properly before the court."). The manifest injustice exception to the law-of-the-case doctrine, therefore, provided no jurisdictional basis for the court to reconsider Gonzalez's sentence.

We also review *pro se* filings, like Gonzalez's, under a more lenient standard and read them liberally in order to discern "whether jurisdiction to

consider [them] can be founded on a legally justifiable base." *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991). We have an "obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).

But our review of the record indicates that there is no other basis upon which the court's jurisdiction over Gonzalez's motion could have been founded. District courts are precluded from modifying a term of imprisonment once it has been imposed except under the narrow exceptions outlined in 28 U.S.C. § 3582(c). When a defendant, as opposed to the Bureau of Prisons, makes the request, "absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to [Federal] Rule [of Criminal Procedure] 35." *United States v. Phillips*, 597 F.3d 1190, 1195 (11th Cir. 2010). Because Gonzalez filed his motion well beyond the jurisdictional time limitation in Rule 35, none of its provisions apply. *Id.* at 1196; *see* Fed. R. Crim. P. 35(a), (b).

Further, although district courts have authority to recharacterize a prisoner's mislabeled *pro se* filing as a § 2255 motion to vacate a sentence, Gonzalez does not challenge the court's conclusion that his motion could not properly have been considered in that fashion. Indeed, although the district court's order makes plain

4

that it did no such thing, Gonzalez argues that the district court *should not* have converted his motion into a § 2255 motion without first notifying him. *See Castro v. United States*, 540 U.S. 275, 381-82 (2002). Most importantly, because Gonzalez had already filed a § 2255 motion and had not sought leave to file a second one, even had the district court so construed it, the court's conclusion that his "Motion to Reopen" was not properly filed under § 2255 would have been correct. *See* 28 U.S.C. § 2255(h).

Finally, Gonzalez's motion could not be reclassified as a motion under Federal Rule of Civil Procedure 60(b) seeking relief from the denial of his previous § 2255 motion. Because it reasserted a claim for relief, rather than identifying some defect in the prior proceedings, if it was to be considered at all, it would be treated as a § 2255 motion even if it were labeled under Rule 60(b). *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011); *see also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (holding that a Rule 60(b) motion is not otherwise available to challenge a sentence in a criminal action).

Because the district court correctly determined that it lacked jurisdiction to consider Gonzalez's motion, the court's dismissal of Gonzalez's motion is

**AFFIRMED.**