[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15899
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:08-cr-80115-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH WINGFIELD, JR.,
a.k.a. Kenny,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 24, 2012)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Kenneth Wingfield, Jr., a prisoner proceeding *pro se*, appeals from the

district court's denial of his 18 U.S.C. § 3582(c)(2) motion to modify his term of imprisonment. After review, we affirm.

Wingfield pleaded guilty to one count of conspiracy to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Because he had at least two prior felony controlled-substance convictions, Wingfield's presentence investigation report applied the career offender guideline, U.S.S.G. § 4B1.1(b). As a career offender, and based on the total amount of crack cocaine for the offenses, Wingfield received a base offense level of 34. After a three-level reduction for acceptance of responsibility, Wingfield's guideline range was 188 to 235 months' imprisonment.

At Wingfield's sentencing, the government stated that it would not object to a reasonable variance in Wingfield's sentence based on the Department of Justice's recent position that sentences for crack and powder cocaine offenses should be equivalent. Had Wingfield been convicted of a powder cocaine offense, his guideline range would have been 151 to 188 months' imprisonment. The district court accordingly sentenced Wingfield to 151 months' imprisonment.

In 2011, Wingfield filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), based on retroactive amendments to the guidelines that

lowered the base offense level for crack cocaine offenses.[1]  The district court denied the motion, determining that Wingfield was ineligible for a reduction because he was sentenced as a career offender.  Wingfield now appeals.

We review *de novo* a district court's legal conclusions about the scope of its authority under § 3582(c)(2).  *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).  Under § 3582(c)(2), a district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

Wingfield's arguments are foreclosed by our precedent.  A defendant sentenced as a career offender, whose guideline range was not based on the offense level for crack cocaine, is ineligible for a reduction under § 3582(c)(2).  *Moore*, 541 F.3d at 1327 (holding that, when a defendant was sentenced as a career offender under U.S.S.G. § 4B1.1, that defendant's base offense level for his crack cocaine offense did not play a role in the calculation of the guideline range and the amendments did not lower the applicable guideline ranges).  Moreover, *United States v. Booker*, 543 U.S. 220 (2005), is inapplicable to § 3582(c)(2) motions, so

---

[1] Wingfield also contended that his post-sentencing rehabilitation warranted a reduction under § 3582(c)(2), but the district court found that argument meritless.  Wingfield does not challenge this ruling on appeal; he has accordingly abandoned his assertion.  *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

Wingfield's argument that the district court had the discretion to modify his sentence under that section, despite his career offender status, is without merit. *Dillon v. United States*, 130 S. Ct. 2683, 2693 (2010).

**AFFIRMED.**