[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12772
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cr-80115-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH WINGFIELD, JR.,
a.k.a. Kenny,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 2, 2015)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Kenneth Wingfield, Jr., a federal prisoner, appeals the district court's denial of his motion to reduce sentence, brought pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  On appeal, Wingfield argues that the district court violated his due process rights by failing to hold an evidentiary hearing on whether Wingfield was originally sentenced as a career offender and is therefore ineligible for a sentence reduction.[1]  After review,[2] we affirm.

The district court did not abuse its discretion or violate Wingfield's due process rights by declining to hold an evidentiary hearing.  Wingfield was given (1) adequate notice of the government's and the probation office's position on his motion and (2) an opportunity to respond.  *See United States v. Jules*, 595 F.3d 1239, 1243 (11th Cir. 2010) ("[E]ach party must be given notice of and an opportunity to contest new information relied on by the district court in a § 3582(c)(2) proceeding. . . . [A]lthough a hearing is a permissible vehicle for contesting any new information, the district court may instead allow the parties to contest new information in writing.").  Furthermore, an evidentiary hearing was unnecessary because both the district court and this Court previously held that Wingfield's sentence was based on the career offender provisions of § 4B1.1.  *See*

---

[1] Wingfield does not directly argue the merits of the district court's decision but rather challenges propriety of the district court's reaching its decision without first holding an evidentiary hearing.

[2] We review for abuse of discretion the district court's decision not to hold an evidentiary hearing.  *See United States v. Yesil*, 991 F.2d 1527, 1531 (11th Cir. 1992).

2

*United States v. Wingfield*, 468 F. App'x 937, 938 (11th Cir. 2012) (unpublished) ("Wingfield's arguments are foreclosed by our precedent.  A defendant sentenced as a career offender, whose guideline range was not based on the offense level for crack cocaine, is ineligible for a reduction under § 3582(c)(2).").  Because Wingfield presented no argument suggesting that an exception to law-of-the-case doctrine applies, Wingfield's claim is barred.  *See United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005) ("The law-of-the-case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case."); *United States v. White*, 846 F.2d 678, 685 (11th Cir. 1988) (listing exceptions to law-of-the-case doctrine).

    **AFFIRMED.**