[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15381

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 3, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00213-CR-CO-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT JORDAN,
JIMMY WOODWARD,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

(November 3, 2005)

Before ANDERSON, BLACK and CARNES, Circuit Judges.

CARNES, Circuit Judge:

This case is here again, this time on interlocutory appeal by the defendants

from the district court's denial of their motion to dismiss the indictment against

them on double jeopardy grounds.  See Abney v.  United States, 431 U.S. 651, 662, 97 S.Ct. 2034, 2042 (1977) (appellate jurisdiction exists for interlocutory review of pretrial orders rejecting claims of former jeopardy).  The last time this case was before us was on the government's appeal from a dismissal of the indictment on grounds of prosecutorial misconduct.  United States v. Jordan, 316 F.3d 1215 (11th Cir. 2003).  After reviewing each allegation of misconduct, we held that the prosecutor had not been guilty of any misconduct, and on that basis we reversed the district court's dismissal of the indictment.  Id.

All of the relevant facts and procedural history of this case up through our earlier decision can be found in our prior opinion, and we will assume the reader's familiarity with it.  After we sent the case back to the district court for further proceedings, the defendants filed a motion asking the court to dismiss the reinstated indictment.  Their motion asserted that it would violate the Double Jeopardy Clause to retry the defendants in light of the mistrial that had been required by the earlier mid-trial dismissal of the indictment.  That dismissal was one which the defendants had obtained and which we had held should never have been granted.  See Jordan, 316 F.3d at 1221.

Before the district court ruled on the defendant's post-remand motion to dismiss, the government filed a motion asking the district court judge, who had

erroneously found the prosecutor guilty of misconduct during the trial and had dismissed the indictment on that basis, to recuse herself. She did. At least one other judge from the district did so as well, and thereafter a judge from outside the district was assigned to handle the case.

The newly assigned judge entered an order denying the defendants' motion to dismiss as well as their request for an evidentiary hearing. They wanted an evidentiary hearing to prove their theory that the prosecutor had intentionally caused them to seek the dismissal of the indictment that led to the mistrial. The district court believed the prosecutor's intent irrelevant given this Court's holding that there had been no misconduct.

The defendants contend that the district court was wrong, that the prosecutor's intent when engaging in conduct that prompts a defendant to seek a mistrial is relevant even if that conduct is not misconduct. The law is settled that a mistrial requested by the defendant because of prosecutorial misconduct does not bar a retrial under double jeopardy principles, unless the prosecutor intentionally misbehaved for the specific purpose of goading the defendant into moving for the mistrial. Oregon v. Kennedy, 456 U.S. 667, 676, 102 S.Ct. 2083, 2089 (1982). Given our prior holding that the prosecutor in this case engaged in no misconduct, Jordan, 316 F.3d at 1249, 1253–58, and "did nothing that justified the dismissal of

3

the indictment, let alone the imposition of any other sanction," id. at 1221, an application of settled law will do these defendants no good. What they seek instead is new law. They want us to hold that improper intent behind proper prosecutorial conduct combined with a meritless defense motion that procures an unjustified mistrial entitles the defendant to a get out of jeopardy free card. We will not be giving these defendants that card, for two reasons.

## I.

The first reason is that the defendants' double jeopardy contention is precluded by the law of the case doctrine. In our earlier decision we recognized that we would not have appellate jurisdiction to review the district court's mid-trial dismissal of the indictment if a retrial were barred on double jeopardy grounds. Id. at 1247–48. That is what 18 U.S.C. § 3731 plainly says. It gives us broad jurisdiction over appeals by the government from dismissals in criminal cases, "except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution." Id. In our opinion in the earlier appeal we quoted that provision with its double jeopardy exception and acknowledged the defendants' position that we lacked jurisdiction as a result of the exception. Jordan, 316 F.3d at 1247–48. In exercising jurisdiction over the appeal we rejected the defendants' position that double jeopardy barred a retrial;

4

otherwise, we would have found the § 3731 exception applicable and that would have required us to dismiss the appeal for lack of jurisdiction, instead of reversing the district court's dismissal of the indictment.

The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case. See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005) ("The [law of the case] doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal."); Klay v. All Defendants, 389 F.3d 1191, 1198 (11th Cir. 2004) ("Realizing that a prior decision is law of the case as to matters decided explicitly and by necessary implication, we find that our prior affirmation of the district court constitutes law of the case here. . ."), cert. denied, 125 S.Ct. 2523 (2005); A.A. Profiles, Inc. v. City of Fort Lauderdale, 253 F.3d 576, 582 (11th Cir. 2001) ("Generally, the law of the case doctrine requires a court to follow what has been explicitly or by necessary implication decided by a prior appellate decision."); In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550 n.3 (11th Cir. 1990) ("While the law of the case does not bar litigation of issues which might have been decided but were not, it does require a court to follow what has been decided explicitly, as well as by necessary

*implication*, in an earlier proceeding.") (internal marks and citation omitted). The doctrine fits these circumstances.

It is true that in disposing of the defendants' contention that we lacked jurisdiction over the earlier appeal we explicitly addressed only one of the two double jeopardy arguments they made. We wrote about why we were rejecting their argument that double jeopardy applied because the district court's dismissal of the indictment with prejudice was the functional equivalent of an acquittal. See Jordan, 316 F.3d at 1248. They also argued then, as they do now, that the mistrial resulting from the dismissal of the indictment barred retrial under the Oregon v. Kennedy rule, even if that dismissal was not the same as an acquittal. We did not address that argument in so many words, or in any words for that matter, but we did reject it "by necessary implication," which is enough under our decisions to bring the law of the case doctrine to bear in this appeal. See Schiavo, 403 F.3d at 1291; Klay, 389 F.3d at 1198; A.A. Profiles, 253 F.3d at 582; In re Justice Oaks II; 898 F.2d at 1550 n.3; see also Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817, 108 S.Ct. 2166, 2178 (1988) ("That the Federal Circuit did not explicate its rationale is irrelevant, for the law of the case turns on whether a court previously decided upon a rule of law–which the Federal

Circuit necessarily did–not on whether, or how well, it explained the decision.") (internal marks and alteration omitted).

An argument is rejected by necessary implication when the holding stated or result reached is inconsistent with the argument. Given the plain language of § 3731, which we quoted in our opinion, id. at 1248, the holding that we had appellate jurisdiction and our exercise of that jurisdiction to reverse the district court's decision cannot be reconciled with the position that the non-acquittal branch of double jeopardy bars a retrial. By necessary implication we rejected that argument in the earlier appeal.

That our prior decision necessarily implies there is no double jeopardy bar to retrying the defendants is a conclusion that logically follows when the legal premises we have explained are viewed against the procedural facts of the appeal. The defendants do not seriously contest the logical force of that conclusion given the legal premises, but they do dispute those premises in two ways. One way is by arguing that our recent decision in United States v. Bobo, 419 F.3d 1264 (11th Cir. 2005), is inconsistent with the necessary implication part of the law of the case doctrine. If it were, that would not help the defendants because under our prior precedent rule the Bobo decision would have to yield to the line of earlier decisions we have cited which firmly establish that issues decided by necessary

7

implication are not to be revisited on remand or in later appeals. See Hurth v.

Mitchem, 400 F.3d 857, 862 (11th Cir. 2005) ("where two or more decisions of

this Court are inconsistent, we follow the earliest one"); United States v.

Hornaday, 392 F.3d 1306, 1316 (11th Cir. 2004) (same); United States v. Steele,

147 F.3d 1316, 1318 (11th Cir. 1998) (en banc) (same). In any event, the Bobo

decision involved interpretation of one of several ambiguous statements in the

footnote of an earlier opinion, see 419 F.3d at 1266, and neither that decision nor

its essential reasoning is inconsistent with the necessary implication part of the

law of the case doctrine or with our application of that doctrine in this case.

The defendants second line of attack on the legal premises leading to our

conclusion that the law of the case doctrine applies is the argument that the

necessary implication part of the doctrine cannot be applied where the issue

necessarily but implicitly decided in the prior appeal involves the court's

jurisdiction. They cite as authority for this assertion Supreme Court decisions

holding that "the existence of unaddressed jurisdictional defects has no

precedential effect." Lewis v. Casey, 518 U.S. 343, 353 n.2, 116 S.Ct. 2174, 2181

n.2 (1996); see also, Federal Election Comm'n v. NRA Political Victory Fund, 513

U.S. 88, 97, 115 S.Ct. 537, 542-543 (1994). To begin with, those holdings address

prior precedent for purposes of stare decisis, not for purposes of the law of the

8

case doctrine. Beyond that, the situations are also different because there is no indication that the jurisdictional issue was even briefed in the prior decisions discussed in the Lewis and NRA Political Victory Fund opinions. In this case by contrast, the specific jurisdictional issue was briefed and argued in the prior appeal (and on rehearing as well), and our prior opinion's discussion of jurisdiction shows that this Court was aware that it could not decide the appeal unless it disagreed with appellants' double jeopardy arguments.

Of course, the law of the case doctrine has exceptions. The only one the defendants argue is the exception that applies where we are convinced our decision in the prior appeal is clearly erroneous and following it would work a manifest injustice. See Agostini v. Felton, 521 U.S. 203, 236, 117 S.Ct. 1997, 2017 (1997); Jackson v. State of Alabama State Tenure Comm'n, 405 F.3d 1276, 1283 (11th Cir. 2005) (referring to this exception among others); Royal Ins. Co. v. Latin American Aviation Servs., Inc., 210 F.3d 1348, 1350 (11th Cir. 2000) (same). As our discussion of the merits of the double jeopardy issue in the next part of this opinion will show, we do not believe that the defendants have come close to establishing that either of the exception's two conditions exist.[1]

---

[1]The defendants' misunderstanding of the law of the case is not limited to the application of that doctrine to the double jeopardy issue. Jordan suggests in his brief that the district court's ruling in the first trial excluding the testimony of Royce Fields, Jordan, 316 F.3d at 1237, who is

9

II.

If the law of the case did not cover the specific double jeopardy contention that the defendants are pressing in this appeal, we would still reject it. In the prior opinion this Court explicitly found that the prosecutor engaged in no misconduct, that his conduct was not sanctionable in any way, that he did nothing wrong. See Jordan, 316 F.3d at 1221, 1242 n.85, 1249-58. Far from viewing those findings as clearly erroneous, we agree with all of them and would reach the same findings ourselves if the matter were before us in the first instance.

That leaves us with a situation in which the defendants wrongfully obtained a mistrial, which the prosecutor vigorously argued against, and they did so based on prosecutorial conduct that was entirely proper. To state the obvious, no authority supports the defendants' position that the Constitution entitles them to escape any further prosecution if only they can show that the prosecutor really, truly wanted them to wrongfully seek the mistrial, and hoped that if they did the court would err and grant them one. The defendants' factual theory posits the

the primary witness against him, is somehow law of the case. Jordan Bl. Br. at 42 n.4. It is not. Jordan assumes that a district court rulings in earlier proceedings of a case could qualify as law of the case, which is a doubtful proposition. In any event, we expressly held in the prior appeal that the premise of the district court's exclusion of Field's testimony–the prosecutor's violation of his discovery obligations relating to it–was error, because the prosecutor did not violate his discovery obligations relating to Field's testimony or to that of any other witness. Id. at 1221, 1253–58. Jordan has it backwards. The law of the case is that Field's testimony should not be excluded.

prosecutor as a cunning puppeteer who skillfully manipulated experienced defense counsel into misleading the court about the law so that they could be given relief to which they were not entitled, all in pursuit of the prosecutor's secret desire to stop the trial.

That theory seems far fetched for a number of reasons, one of which is that the prosecutor practically begged the district court not to dismiss the indictment or grant a mistrial. We suppose, however, that the defendants' cunning prosecutor theory is broad enough to include the idea that the prosecutor argued so hard against the mistrial because he was so much for it, using his words to mask his real desire, a Machiavellian maneuver that even the Prince himself would have envied. Regardless, because the defendants' request for an evidentiary hearing was denied, we will indulge for now their fanciful theory of the facts and assume that the prosecutor's insistent argument was all an act, that he secretly hoped that both the defense counsel and the court would mistakenly think that his proper conduct was not only improper but improper enough to justify dismissing the indictment and declaring a mistrial. We will assume that the intent behind the prosecutor's proper conduct relating to discovery was to goad the defendants into moving for a mistrial. Even propped with those assumptions, the defendants' position cannot stand.

11

No decision of any court that the defendants have cited or that we have been able to find on our own has held that a defense-procured mistrial bars a retrial in the absence of prosecutorial misconduct. In Oregon v. Kennedy, which is the principal decision the defendants rely upon, there was prosecutorial misconduct that prompted the mistrial motion. 456 U.S. at 668, 670, 102 S.Ct. at 2086–87. Because prosecutorial misconduct led to the defendant's request for a mistrial in that case, the state appellate court held that double jeopardy principles barred retrial, even though the prosecutor had not intended for his misconduct to cause a mistrial. Id. at 669–70, 102 S.Ct. at 2086–87. The Supreme Court reversed.

In reversing the lower court's reversal of the conviction in Kennedy, the Supreme Court did not question that there had been prosecutorial misconduct, but instead held that there was an additional requirement, which is that the misconduct must have been committed by the prosecutor with the intent of causing the mistrial. Id. at 675-76, 102 S.Ct. at 2089. The Kennedy decision does not dispense with the requirement that a double jeopardy claim be based on prosecutorial misconduct, but instead acknowledges the requirement. The opinion speaks of "serious infractions on the part of the prosecutor," id. at 675, 102 S.Ct. at 2089, of "prosecutorial error," id. at 676, 102 S.Ct at 2089, and of "[p]rosecutorial conduct

that might be viewed as harassment or overreaching" and which is "sufficient to justify a mistrial on defendant's motion," id. at 675, 102 S.Ct. at 2089.

Absent prosecutorial misconduct sufficient to justify a mistrial on a defendant's motion, there is no double jeopardy. This conclusion not only is consistent with the language we have quoted from the Kennedy opinion, it is also in keeping with the Court's characterization of the circumstances in which a defendant who moves for a mistrial cannot be retried: "a narrow exception to the rule that the Double Jeopardy Clause is no bar to retrial." Id. at 673, 102 S.Ct. at 2088. The expansion of that exception these defendants seek would enlarge it beyond its intended narrowness.

Our conclusion is also consistent with the basic principles in this area. The purpose of the double Jeopardy Clause as it relates to retrials following mistrials is to preserve "the right of the defendant to have his trial completed before the first jury empaneled to try him." Id. at 673, 102 S.Ct. at 2088. Against that right must be balanced "the public's interest in fair trials designed to end in just judgments." Id. at 672, 102 S.Ct. at 2087 (internal marks and citation omitted). The balance shifts against barring retrial where the defendant asked for the mistrial, see id., 102 S.Ct. at 2088, because in most circumstances it is fair to put the defendant to the choice of continuing with a trial whose verdict may be affected adversely by error

13

or of eliminating that possibility at the cost of undergoing another trial. See United States v. Scott, 437 U.S. 82, 93, 98 S.Ct. 2187, 2195 (1978) (a defendant's motion for a mistrial is "a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact"). Where the defendant gets to decide and chooses to stop the first trial, "the rule [is] that the Double Jeopardy Clause is no bar to retrial." Kennedy, 456 U.S. at 673, 102 S.Ct. at 2088.

The "narrow exception to the rule," id., exists where a prosecutor deliberately forced that choice on the defendant by creating the error through intentional misconduct for the purpose of goading the defendant into asking for a mistrial. To allow a prosecutor to deliberately inject error into a trial in order to force the defendant to seek a mistrial would not be fair, and it would afford too little weight to the defendant's interest in continuing on to judgment in one proceeding.

On the other hand, where a prosecutor has not engaged in misconduct the defendant faces no choice about whether to continue on with a trial whose verdict may be affected by the prosecutor's error, because there is no error to affect the verdict. If the defendant obtains a mistrial based on assertions of prosecutorial misconduct where there has been no misconduct, the defendant has stopped the

14

trial when he had no right or need to do so, and in those circumstances it is not at all unfair to require the defendant to face trial again. Indeed, it would be unfair to allow the defendant to escape jeopardy in these circumstances, thereby rewarding him for his own error and putting too little weight on the public's interest in having criminal matters end in just judgments.

For these reasons, we conclude that a double jeopardy violation following a mistrial that the defendant requested is an alloy of two elements: it requires prosecutorial misconduct, and it requires that the misconduct have been intended to goad the defendant into seeking the mistrial. See United States v. Blankenship, 382 F.3d 1110, 1119 n.20 (11th Cir. 2004) ("The Double Jeopardy Clause does not prohibit retrying defendants who seek mistrials, . . . unless the mistrial is sought due to serious intentional prosecutorial misconduct.") (dicta). Because the prosecutor's conduct was proper, there is no need to resolve any factual issues about his intent.

## III.

The order denying the motion to dismiss the indictment and denying an evidentiary hearing on that motion is AFFIRMED.