[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12691
Non-Argument Calendar
_____

D. C. Docket Nos. 07-02981-CV-CAP-1, 95-77431 BKC-MH

In Re: HAROLD JULIAN FARRIS,

Debtor.

_____

HAROLD J. FARRIS,

Plaintiff-Appellant,

versus

NANCY J. WHALEY,
Chapter 13 Trustee,

Defendant,

BANK OF AMERICA, N.A.,
f.k.a. Nationsbanc Mortgage,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 28, 2009)

Before PRYOR, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Harold Julian Farris, appearing pro se, appeals from the district court's order

denying his Fed.R.Civ.P. 60(b) motion for reconsideration of the district court's

order affirming the bankruptcy court's denial of his extraordinary motion for a new

hearing.  For the reasons set forth below, we affirm.

**I.**

In December 1995, Farris filed for bankruptcy under Chapter 13.  At that

time, Standard Federal Bank ("Standard") held a mortgage on Farris's residence at

4660 Heatherwood Drive in Atlanta, Georgia, and Nationsbanc Mortgage

Corporation ("Nationsbanc") (now Bank of America) was the servicer on that loan.

On May 6, 1996, the bankruptcy court dismissed the case with prejudice

because Farris failed to comply with an order of the court.  The following day, on

May 7, 1996, Standard foreclosed on the property and sold it to a third party.  In

response to a separate lawsuit where Farris challenged the foreclosure, Standard

2

moved the bankruptcy court to reopen the case in August 1996 for the limited purpose of annulling the automatic stay, to the extent that one existed, and validating the foreclosure.

The bankruptcy court held a hearing on the motion on September 24, 1996. Standard asserted that it first received notice that Farris was a debtor in an ongoing bankruptcy proceeding on April 30, 1996, after it had already run four foreclosure sale advertisements. Upon learning that it had been listed as a creditor, counsel for Standard determined after an investigation that Farris did not have an ownership interest in the property. Counsel was also informed by the trustee in the bankruptcy proceeding that the case would likely be dismissed due to Farris's failure to comply with a court order. The day after the case was in fact dismissed, Standard proceeded with the foreclosure sale. Thus, Standard argued that, to the extent there was an automatic stay in effect, the bankruptcy court should annul the stay and validate the foreclosure because it did not deliberately violate the stay, as it lacked notice of Farris's bankruptcy proceeding when it ran the foreclosure advertisements and the case was dismissed prior to the foreclosure. The bankruptcy court entered an order annulling the automatic stay, to the extent that one was in effect, and validating the foreclosure.

The district court affirmed the bankruptcy court's order. On appeal to this

Court, "Farris argue[d] that the foreclosure sale of his residence should be held invalid as a violation of the automatic stay." We concluded: "A review of this matter reveals no error."

In May 1999, Farris moved the bankruptcy court to reopen the case and annul its order validating the foreclosure. The bankruptcy court denied the motion, and the district court affirmed. On appeal to this Court, we summarized Farris's arguments as follows:

> On appeal, Farris requests that we reopen his bankruptcy case because the foreclosure sale on his property was illegal, and thus, voidable. Construing Farris' brief liberally, Farris raises four issues on appeal. First, he contends that the McCalla law firm [representing Standard] obtained the foreclosure through perjury and fraud, because the firm failed to disclose that a foreclosure advertisement ran on May 1, 1996, one day after the law firm had notice of his bankruptcy. Second, Farris asserts that the foreclosure sale was conducted in violation of the automatic stay. Third, Farris contends that the advertisements were insufficient under Georgia law to provide him with notice. Fourth, Farris asserts that the bankruptcy court erred in concluding he did not have an ownership interest in the property.

We concluded: "Upon review of the record and consideration of the arguments raised in the briefs, we find no reversible error. There is simply no merit in the contentions being made."

In 2004, Farris moved to invalidate the bankruptcy court's 1996 orders dismissing his bankruptcy case and validating the foreclosure, arguing again that they were obtained by fraud. The bankruptcy court denied the motions and the

4

district court affirmed. We dismissed Farris's appeal for lack of jurisdiction.

In October 2007, Farris filed an extraordinary motion for a new hearing in the bankruptcy court, challenging the 1996 foreclosure in light of new evidence establishing that counsel for Standard lied to the bankruptcy court during the September 1996 hearing. The bankruptcy court denied the motion, and the district court affirmed. In its order, the district court stated that Farris "continues to make the same arguments again and again regarding issues that have been decided adversely to him. These arguments have been repeatedly rejected by bankruptcy court, this court, and the Eleventh Circuit Court of appeals." The district court found that Farris's "repeated filings [we]re for an improper purpose" and were "objectively frivolous," and, therefore, the district court "admonished that further attempts to challenge the foreclosure of the Heatherwood Property in this court will be met with sanctions."

Despite the court's admonition, Farris filed a motion for reconsideration of the district court's order under Fed.R.Civ.P. 60(b), in which he again raised numerous challenges to the 1996 foreclosure. The district court denied the motion, explaining that Farris "raises the same allegations he set forth in his appeal and in countless other pleadings filed before this court," all of which had been previously "considered and rejected." The court found Farris to be a "vexatious" litigant who

5

had "repeatedly abused the judicial process through a series of actions brought in state and federal courts in an attempt to recover foreclosed property . . . . For over ten years, the appellant has attempted to relitigate these issues, which were decided adversely to him by both state and federal courts." Because Farris ignored the court's prior warning about attempting to relitigate the 1996 foreclosure, the court directed the clerk not to accept any additional filings by Farris unless accompanied by a $10,000 bond.

Farris appealed the court's order. We then issued an order clarifying that we had jurisdiction only over the denial of Farris's motion for reconsideration, not the denial of his underlying motion for an extraordinary new trial.

## II.

The Federal Rules of Bankruptcy incorporate Fed.R.Civ.P. 60(b). Fed.R.Bank. 9024. "We review the district court's denial of a Rule 60(b) motion for an abuse of discretion." Big Top Koolers, Inc.v. Circus-Man Snacks, Inc., 528 F.3d 839, 842 (11th Cir. 2008).

"The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case." United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005). "The law of the case doctrine, self-imposed by the courts, operates to create efficiency, finality, and

6

obedience within the judicial system so that an appellate decision binds all subsequent proceedings in the same case." United States v. Amedeo, 487 F.3d 823, 829 (11th Cir.) (quotations and alterations omitted), cert. denied., 128 S.Ct. 671 (2007).

## III.

In this case, all of Farris's arguments on appeal attack the validity of the 1996 foreclosure. In our opinions in both 1998 and 2001, we rejected Farris's attempts to challenge the legality of that foreclosure. These prior opinions bind this Court under the law of the case doctrine and preclude Farris from challenging the validity of the foreclosure again in this appeal. Accordingly, we affirm.

**AFFIRMED.**