[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11435
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20186-JLK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LYNVAL DWYER,
a.k.a. Richie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 18, 2015)

Before TJOFLAT, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Lynval Dwyer appeals *pro se* the denial of his belated motions for a new trial and for discovery. *See* Fed. R. Crim. P. 33. Dwyer moved for a new trial on the ground of prosecutorial misconduct and for discovery related to the alleged misconduct. We affirm.

On November 18, 2010, a jury found Dwyer guilty of conspiring to import 500 grams or more of cocaine into the United States, 21 U.S.C. § 963, and of conspiring to possess and of attempting to possess with intent to distribute 500 grams or more of cocaine, *id.* § 846; 18 U.S.C. § 2. The district court sentenced Dwyer to 72 months of imprisonment. Dwyer appealed and challenged the denial of his motions to testify about coercive statements allegedly made by a drug supplier and by a confidential informant, Lloyd Garrick, and to have a related jury instruction about duress. We affirmed on the basis that Dwyer's proffer of evidence failed to prove that he acted under an immediate threat of harm or that he was unable to inform the police of the alleged coercion before his arrest. *United States v. Taylor*, 457 Fed. App'x 835, 837 (11th Cir. 2012).

In February 2013, Dwyer moved to vacate his convictions on the ground that his trial counsel was ineffective for failing to argue that Dwyer was entrapped by Garrick. *See* 28 U.S.C. § 2255. In support of his motion, Dwyer submitted evidence that, before his trial, he received a transcript of a trial in which Garrick testified as an informant for the government and admitted that he had been

2

convicted of a felony in 1991. The district court denied the motion on the ground that trial counsel made a strategical decision not to pursue an entrapment defense because Dwyer admitted to importing drugs to aid Garrick. Dwyer did not appeal.

On June 30, 2014, Dwyer moved for a new trial, *see* Fed. R. Crim. P. 33(a), and for production of his grand jury proceedings, *see* Fed. R. Crim. P. 6(e). Later, Dwyer moved for discovery related to Garrick's criminal proceedings. Dwyer alleged that the government had withheld information about Garrick's prior convictions, Garrick's contract with the government, and recordings of telephone calls in 2008 between Garrick and Dwyer that would have proved Garrick induced or entrapped Dwyer to import cocaine in 2010, *see Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), and that the government misrepresented Dwyer's role in the conspiracy, *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972). The district court denied Dwyer's motion for a new trial as untimely and, in the alternative, lacking merit. The district court also denied Dwyer's motions for discovery.

The district court did not abuse its discretion when it denied as untimely Dwyer's postconviction motion for a new trial. To obtain a new trial, a defendant must file a motion "grounded on newly discovered evidence . . . within 3 years after the verdict," Fed. R. Crim. P. 33(b)(1), and for "any other reason . . . within 14 days after the verdict," Fed. R. Crim. P. 33(b)(2). Dwyer waited more than

3

seven months after the three-year deadline expired to file his motion.

Dwyer argues that his filing deadline should have been extended, but the district court did not abuse its discretion in denying this request. Dwyer failed to establish that the delay in filing his motion was attributable to "excusable neglect." *See* Fed. R. Crim. P. 45(b)(1). The district court was entitled to find, after "tak[ing] account of all relevant circumstances," that Dwyer was dilatory in acting on information he obtained before trial about Garrick's work as a government informant and his criminal history. *See Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996).

The district court was not required to conduct an evidentiary hearing when Dwyer's motion was untimely and a cursory review revealed that his allegations of prosecutorial misconduct lacked merit. *See United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996). Dwyer could not prove that the government violated *Brady* when Dwyer possessed or with reasonable diligence could have obtained the information about Garrick's background; the information could not be used for impeachment because Garrick did not testify; and the telephone conversations in which Dwyer discussed importing drugs with Garrick would have been unhelpful in portraying Dwyer as a victim of duress or entrapment. *See Brady*, 373 U.S. at 87, 83 S. Ct. at 1196–97; *United States v. Hansen*, 262 F.3d 1217, 1234 (11th Cir. 2001).The evidence about Garrick also could not cast doubt on the evidence about

Dwyer's role when Dwyer testified that Garrick was "not involved" in the conspiracy. *See Giglio*, 405 U.S. at 153, 92 S. Ct. at 766.

The district court also did not abuse its discretion when it denied Dwyer's motions to conduct discovery and to obtain records of grand jury proceedings. Dwyer was not entitled to discovery that was not intended to unearth evidence to justify a new trial. *See United States v. Espinosa-Hernandez*, 918 F.2d 911, 913–14 (11th Cir. 1990). Evidence regarding Garrick's background was irrelevant to Dwyer's guilt and was unnecessary to dispose of his motion for a new trial. Dwyer also failed to establish he had a "compelling and particularized need" to breach the secrecy traditionally afforded to grand jury proceedings. *See United States v. Aisenberg*, 358 F.3d 1327, 1348 (11th Cir. 2004). Dwyer's allegations that disclosure "may reveal" grounds to challenge his indictment or convictions, as the district court stated, exemplify "the kind of fishing expedition that cannot justify disclosure."

Dwyer argues that his trial counsel was ineffective and his indictment should be dismissed, but these arguments fail. We decline to consider issues that Dwyer failed to raise in his motion for a new trial. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Moreover, Dwyer may not challenge the competence or reliability of the evidence on which the grand jury based its finding of probable cause. *See Kaley v. United States*, 571 U.S. ____, 134 S. Ct. 1090,

5

1097–98 (2014). And Dwyer is barred from relitigating the effectiveness of trial counsel. *See United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005).

We **AFFIRM** the denial of Dwyer's motions for a new trial and for discovery.