[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11244
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00057-WKW-CSC-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM PAUL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(November 10, 2015)

Before MARTIN, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

In 2011, a jury convicted William Paul of tax evasion, 26 U.S.C. § 7201, and willful failure to file a tax return, id. § 7203.  See United States v. Paul, 518 F. App'x 894, 896 (11th Cir. 2013) (per curiam) (unpublished) (direct appeal).  Now, almost four years later, Paul appeals the district court's denial of two motions he filed seeking a new trial.  We affirm.

The parties filed three separate motions related to this suit.  Paul first filed a "Motion for Clarification, Reversal of Conviction and Directing the Entry of a Judgment of New Trial or Acquittal" on June 15, 2015.  This motion does not seek specific relief, and the arguments appear to go to the merits of this appeal.  Paul also filed an "Emergency Motion for Reversal Based on Government None Objection to Appellant Brief" seeking reversal and remand to the district court on the ground that the government did not file a responsive brief.  The government did, however, file its own "Motion to Dismiss Appeal as Frivolous" in response to Paul's appeal.  For this reason, Paul's "Emergency Motion" is DENIED.  Paul's June 15, 2015 motion as well as the government's motion to dismiss are each DENIED for the reasons set forth in this opinion.

I.

We review the denial of a Rule 33 motion for a new trial for abuse of discretion.  United States v. Isaacson, 752 F.3d 1291, 1308 (11th Cir. 2014).

2

Paul's Rule 33 motion sought a new trial on several grounds, including erroneous jury instructions.  He also argues that he was improperly sentenced under the United States Sentencing Guidelines.  The district court concluded that Paul's first motion for a new trial was untimely, and denied the motion on that independent ground.  See Fed. R. Crim. P. 33(b)(2) (requiring that a new-trial motion be filed within 14 days of the verdict unless it is based on newly discovered evidence).  Paul does not argue on appeal that this conclusion was wrong.  He does not say that the motion was in fact timely, based on newly discovered evidence, or valid for any other reason.  He has therefore abandoned any argument about this independent basis for the denial of his Rule 33 motion, so we affirm.  See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (explaining that a defendant abandons an argument not raised in his brief); see also Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 683 (11th Cir. 2014) (affirming because plaintiffs abandoned any argument about an independent ground for the ruling).

## II.

The district court also did not abuse its discretion by denying Paul's second motion for a new trial.  In that motion Paul raised a claim under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), as well as a claim that he was actually innocent of the crime of conviction.

3

Paul's <u>Brady</u> claim fails.  To establish a <u>Brady</u> violation, a defendant must show that (1) the government possessed evidence favorable to the defendant; (2) he did not possess that evidence and could not have obtained the evidence with due diligence; (3) the government suppressed the favorable evidence; and (4) there was a reasonable probability of a different outcome if the evidence had been disclosed to him.  <u>United States v. Vallejo</u>, 297 F.3d 1154, 1164 (11th Cir. 2002).  Paul claims that a handwriting report relied upon by the government at trial was actually written by the government's retained expert witness and that his codefendant asked the government to suppress it.  However, Paul points to no evidence in support of either of these allegations.

Neither did Paul show that he was actually innocent of the crime of conviction.  To prove a violation of 26 U.S.C. § 7203, the government must show that a taxpayer was required to file a tax return and willfully failed to file the tax return within the period of time required by law.  <u>United States v. Houser</u>, 754 F.3d 1335, 1351 (11th Cir. 2014).  Evidence introduced at trial showed that: (1) Rheumatology Specialists Arthritis and Osteoporosis Center, Inc. was a non-profit organization that was required to file a Form 990; (2) Paul was responsible for filing the Form 990 for that organization; (3) Paul was aware of his responsibility for filing a Form 990 for the organization because he filed one in 2004 and 2005; and (4) Paul failed to file the required Form 990 in 2006 and 2007.  <u>See</u> <u>Paul</u>, 518

4

F. App'x at 897 ("[T]he jury reasonably found that Paul knew to file a Form 990 for tax year 2007, but willfully failed to do so."). The district court did not abuse its discretion in denying these claims.

III.

If his brief is construed liberally, Paul next argues that the district court should not have allowed him to represent himself at trial. We review this argument for plain error because Paul did not raise it in his motions for new trial. United States v. Lindsey, 482 F.3d 1285, 1293 (11th Cir. 2007).

A defendant can exercise his right to represent himself by making a knowing and voluntary waiver of his right to counsel. United States v. Stanley, 739 F.3d 633, 645 (11th Cir. 2014). A waiver is valid if the record shows that the defendant understood the risks of self-representation and freely chose to accept them. Id.

The district court did not plainly err by allowing Paul to represent himself. The magistrate judge who conducted a hearing on the issue of representation informed Paul about the nature of the charges and the difficulties he would face if he represented himself. The magistrate judge appointed standby counsel for Paul and concluded that Paul knowingly and voluntarily agreed to waive his right to counsel. Paul now argues that his stress and anxiety prevented him from being competent to represent himself. However, this argument is contradicted by the findings of the magistrate judge, who found that Paul was competent to waive his

5

right to counsel.  Paul has not shown that the district court plainly erred by permitting him to represent himself.

## IV.

Finally, the law-of-the-case doctrine bars Paul from raising new arguments to relitigate his claims that the district court erroneously applied obstruction-of-justice and sophisticated-means enhancements at sentencing.  See United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005) ("The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case.").  Paul raises new arguments despite our determination on his direct appeal that applying these enhancements was not clearly erroneous.  See Paul, 518 F. App'x at 898.  Paul has not shown that any of the exceptions to the law of the case doctrine apply.  See United States v. Anderson, 772 F.3d 662, 668–69 (11th Cir. 2014) (noting the limited exceptions of new evidence, change in controlling law, or manifest injustice).  We affirm.

**AFFIRMED.**

6