[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11790
Non-Argument Calendar
_____

Agency No. 002834-16

ROBERT C. GUNTHER,
JAYNE C. GUNTHER,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(January 7, 2020)

Before WILLIAM PRYOR, NEWSOM and BRANCH, Circuit Judges.

PER CURIAM:

Robert and Jayne Gunther appeal the denial of their motion to restrain the collection of a penalty for gross valuation misstatement levied against them as owners of a trust that was a partner in a partnership. 26 U.S.C. § 6662(h). The tax court denied the Gunthers' motion based on its lack of jurisdiction during their partner-level deficiency proceeding to review a penalty assessed in a partnership-level proceeding. We reached the same conclusion on the identical jurisdictional issue in *Highpoint Tower Technology Inc. v. Commissioner of Internal Revenue*, 931 F.3d 1050, 1064–65 (11th Cir. 2019). The Gunthers concede that the "result in [*Highpoint*] resolve[s] this case" because it involved same partnership and "substantially similar" transactions as engaged in by their trust. And the Commissioner of Internal Revenue requests summary affirmance based on *Highpoint*. The Supreme Court recently denied the petition for a writ of certiorari in *Highpoint*, so it is the law of the case and bars the Gunthers' challenge to the decision of the tax court. *See United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005). Because that decision "is clearly right as a matter of law so that there [is] no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we grant the Commissioner's motion for summary affirmance.

**AFFIRMED.**