[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-12651
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-24944-CMA

DAVID SEBASTIAN-SOLER,

Plaintiff-Appellant,

versus

ANGELA E. NOBLE
Ex Rel.-Clerk of the Court, U.S. District Court, Southern
District of Florida, et al.,

Defendant,

WILLIAM PELHAM BARR,
Attorney General of The United States, U.S. Department of Justice,
CHAD WOLF,
Acting Secretary, Department of Homeland Security,
KENNETH T. CUCCINELLI,
Acting Director, U.S. Citizenship and Immigration Services,
Department of Homeland Security,
LINDA SWACINA,
District Director (for District #24), United States Citizenship and
Immigration Services, Department of Homeland Security,
ENID STULZ, Field Officer Director, Hialeah, Florida Field Office,
United States Citizenship and Immigration Services, Department
of Homeland Security,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 29, 2021)

Before JILL PRYOR, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

David Sebastian-Soler appeals following the dismissal of his complaint seeking certified copies of a 1984 administrative order ("AO 84-11") by a district court, under 28 U.S.C. §§ 1734 and 1735, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Sebastian-Soler emigrated from Cuba to the United States in 1969, obtained permanent resident status, and applied to file for naturalization. *See Sebastian-Soler v. U.S. Att'y Gen.* ("*Sebastian-Soler I*"), 409 F.3d 1280, 1282 (11th Cir. 2005). The district court denied Sebastian-Soler's application for naturalization for lack of prosecution. *Id.* Four years later, Sebastian-Soler was convicted of, and sentenced for, seven felony counts. *Id.* Following his release from prison, the Immigration and Naturalization Service initiated removal proceedings against him. *Id.* at 1283. An immigration judge ("IJ") sustained the charge of removability, found Sebastian-Soler ineligible for relief or asylum, and ordered him removed to Cuba. *Id.* He administratively appealed, but

2

the Board of Immigration Appeals ("BIA") summarily affirmed the IJ's decision. *Id.*

Sebastian-Soler then petitioned for judicial review of that decision, giving rise to his first appeal in *Sebastian-Soler I*; we dismissed his petition. *Id.* at 1283–87. Over 12 years later, Sebastian-Soler moved the BIA to reopen his removal proceedings. The BIA denied his motion to reopen and his motion for reconsideration. *See Sebastian-Soler v. U.S. Att'y Gen.* ("*Sebastian-Soler II*"), 748 F. App'x 900, 901 (11th Cir. 2018) (unpublished). Sebastian-Soler then filed a second motion to reopen with the BIA, arguing, in relevant part, that he had acquired new evidence indicating that he became a naturalized citizen of the United States. *See Sebastian-Soler v. U.S. Att'y Gen.* ("*Sebastian-Soler III*"), No. 19-14178, 2020 WL 5960740 (11th Cir. 2020) (unpublished). Among other things, the new evidence that Sebastian-Soler relied on was AO 84-11. *Id.* at *4. The BIA denied his motion, and we denied his petition for review, concluding that AO 84-11 "does not reasonably permit the inference" that Sebastian-Soler met the naturalization requirements under the controlling law at the time. *Id.* at *5.

The appellees now have moved for summary affirmance of the district court's dismissal of Sebastian-Soler's complaint seeking certified copies of AO 84-11, arguing that 28 U.S.C. §§ 1734 and 1735 do not permit Sebastian-Soler to obtain the relief that he seeks. We agree.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Glover v. Liggett Grp.*, 459 F.3d 1304, 1308 (11th Cir. 2006).

Under 28 U.S.C. § 1734, "[a] lost or destroyed record of any proceeding in any court of the United States may be supplied on application of any interested party not at fault, by substituting a copy certified by the clerk of any court in which an authentic copy is lodged." 28 U.S.C. § 1734. "Where a certified copy is not available, any interested person not at fault may file in such court a verified application for an order establishing the lost or destroyed record." *Id.* If the district court is satisfied with the application, "it shall enter an order reciting the substance and effect of the lost or destroyed record [and] [s]uch order, . . . shall have the same effect as the original record." *Id.* Section 1735 provides that "[w]hen the record of any case or matter in any court of the United States to which

4

the United States is a party, is lost or destroyed, a certified copy of any official paper . . . shall . . . have the same effect as an original paper filed in such court." *Id.* § 1735. "Whenever the United States is interested in any lost or destroyed records or files of a court of the United States, the clerk of such court and the United States attorney for the district shall take the steps necessary to restore such records or files." *Id.*

We have held that "the plain text and statutory context make clear that [§§ 1734 and 1735] are evidentiary rules used to recreate a record for a pending or contemplated judicial, administrative, or other legal proceeding." *In re Coffman*, 766 F.3d 1246, 1248 (11th Cir. 2014). We explained that § 1734 "prescribes a process for a court to establish a lost or destroyed record when an interested person needs the record for some legal proceeding." *Id.* at 1249. "The phrases 'interested person,' 'subject to the intervening rights of third persons,' and 'shall have the same effect as the original record,' limit the availability of that process to persons who need the record for a pending or contemplated legal proceeding." *Id.* at 1249–50. We also explained that § 1735 applies "only in two circumstances:  when the United States is a party to the matter and a certified copy of the record is available . . . or when the United States is the interested party seeking to establish the record." *Id.* at 1249.

5

"The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case." *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005). "Exceptions to this doctrine apply when substantially different evidence is produced, when there has been a change in controlling authority, or when the prior decision was clearly erroneous and would result in manifest injustice." *Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1283 (11th Cir. 2005).

Here, the appellees are clearly right as a matter of law. Sebastian-Soler is not entitled to relief under §§ 1734 and 1735 because neither statute applies to him. First, he is not entitled to relief under § 1734 because he cannot show that he needs AO 84-11 for a legal proceeding. 28 U.S.C. § 1734; *In re Coffman*, 766 F.3d at 1249; *see Sebastian-Soler III*, 2020 WL 5960740, at *5 (concluding that even if Sebastian-Soler had AO 84-11, it would not show that he had met the requirements for naturalization under the law at that time). *Sebastian-Soler III*'s determination is binding in the present appeal under the law of the case doctrine. *See Jordan*, 429 F.3d at 1035. And none of the exceptions to the law of the case doctrine apply to this appeal because Sebastian-Soler has not established that he has substantially different evidence from his prior appeals, there was change in controlling authority, or that one of the prior decisions was clearly erroneous. *Jackson*, 405 F.3d at 1283. Second, § 1735 does not apply to Sebastian-Soler because he has not

6

shown that a certified copy of AO 84-11 is available, and the United States is not

seeking to seeking to establish the record.  28 U.S.C. § 1735; *see Coffman*, 766

F.3d at 1249–50.

For these reasons, we GRANT the motion for summary affirmance.  *See*

*Groendyke Transp., Inc.*, 406 F.2d at 1162.