[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12339
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cr-00074-RV-8

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN RYAN MICHAEL SHOLLY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 26, 2021)

Before MARTIN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

This is Steven Sholly's second appeal challenging the district court's drug-quantity finding and resulting sentence at his sentencing for trafficking marijuana. In the first appeal, we vacated Sholly's 59-month prison sentence and remanded for resentencing after concluding that the government failed to prove that Sholly had possessed at least 100 kilograms of marijuana in the course of the conspiracy to which he pled guilty. On remand, the district court again found a drug quantity in excess of 100 kilograms of marijuana and sentenced Sholly to 59 months. But because the record at the resentencing was not substantially different than the record at the original sentencing, the doctrine of law of the case requires that we again vacate the sentence and remand for resentencing.

## I.

Sholly pled guilty to conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. According to the presentence investigation report ("PSR"), Sholly received packages of marijuana in Florida that were shipped by coconspirator Charles Sindylek in California. In addition to conducting trash pulls and executing a search warrant at Sholly's house, government agents analyzed FedEx and UPS shipping records and identified twelve packages that were sent to "addresses controlled by Sholly." But the government believed that the shipping records failed to accurately reflect the amount of marijuana Sholly received from Sindylek. And the PSR recommended holding Sholly accountable for

68 packages, each containing six pounds of marijuana, for a total drug quantity of 185.06 kilograms. Sholly objected that the amount should be significantly lower.

To prove drug quantity at Sholly's sentencing, the government called an agent who testified that Sindylek had told him that Sholly had received weekly shipments of six pounds of marijuana each between 2013 and April 2015. Sholly responded that this hearsay statement was not reliable because it did not "mesh" with the shipping records—which otherwise corresponded to the government's estimation of drugs attributable to the other coconspirators. The government suggested that the shipping records were incomplete in Sholly's case because it did not have all the addresses at which Sholly received marijuana. The district court ultimately found that Sholly was responsible for at least 100 kilograms of marijuana, based in part on Sindylek's hearsay statement, and sentenced him to 59 months in prison.

On appeal, we vacated Sholly's sentence and remanded for resentencing, "conclud[ing] that the government did not meet its burden to prove that Sholly had possessed at least 100 kilograms of marijuana in the course of the conspiracy." *United States v. Sholly*, 785 F. App'x 714, 718 (11th Cir. 2019). We found that the district court erred when it relied on Sindylek's hearsay statement without making an explicit finding about its reliability and without its reliability being "apparent from the record." *Id.* at 718–19.

3

"Also," we continued, the "record does not contain sufficient indicia of the hearsay statement's reliability." *Id.* at 719. We noted that the evidence cited by the government "d[id] not corroborate Sindylek's hearsay statement that Sholly received *weekly* shipments of marijuana," that the shipping records were "perfectly consistent with the volume of drugs and evidence of drug shipment found during the investigation," and that there was "no evidence that suggested that Sholly received shipments of marijuana at other addresses." We therefore concluded that "it was clear error for the district court to rely on [Sindylek's hearsay statement] in calculating the weight of marijuana" attributable to Sholly. *Id.*

The district court held another sentencing hearing when the case returned on remand. In a sentencing memorandum and at the resentencing hearing, the government maintained that the court could find Sindylek's hearsay statement sufficiently reliable based on the record in Sholly's case and the cases of his codefendants, though it did not submit any new evidence or cite to any information that was not available at the time of Sholly's original sentencing. For his part, Sholly questioned "how the [g]overnment can have a burden that the appellate court found it didn't meet, not put on any more evidence, and somehow now meet that burden at this sentencing hearing."

Ultimately, the district court again relied on Sindylek's hearsay statement in finding that Sholly was responsible for at least 100 kilograms of marijuana, stating

that it was "credible" in light of the court's prior interactions with Sindylek and other evidence in the record. The court again sentenced Sholly to 59 months in prison.

Sholly now appeals, arguing that the district court did not follow the law of the case. We agree.

## II.

Under the law-of-the-case doctrine, the parties may not relitigate, and we may not reconsider, issues that were decided in an earlier appeal of the same case. *United States v. Siegelman*, 786 F.3d 1322, 1327 (11th Cir. 2015); *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005). This rule encompasses both findings of fact and conclusions of law made by the appellate court. *United States v. Anderson*, 772 F.3d 662, 668 (11th Cir. 2014); *see United States v. Pressley*, 345 F.3d 1205, 1216–17 (11th Cir. 2003) (holding that a prior drug quantity finding was law of the case). The law-of-the-case doctrine may be overcome where substantially different evidence is produced, controlling authority has changed, or the prior decision was clearly erroneous and application of it would result in manifest injustice. *Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1283 (11th Cir. 2005).

Here, law of the case precluded the district court from again relying on Sindylek's hearsay statement that Sholly received weekly shipments of marijuana. In the prior appeal, we not only faulted the court for failing to make an explicit reliability finding about the hearsay statement, we "[a]lso" independently reviewed

5

the record and found that it did not "contain sufficient indicia of the hearsay statement's reliability." *Sholly*, 785 F. App'x at 718–19. We therefore concluded "that the government did not meet its burden to prove that Sholly had possessed at least 100 kilograms of marijuana in the course of the conspiracy." *Id.* at 718. So although the district court at resentencing may have cured the procedural error with regard to the reliability finding, that does not change the substantive deficiencies we identified with the government's proof. *See id.* at 718–19.

The government responds that the law-of-the-case doctrine does not apply because "additional information distinguishes the case factually from the case decided in the first appeal." But the information the government refers to is not new or "substantially different" from the information before us in Sholly's first appeal. *See Jackson*, 405 F.3d at 1283. In fact, the government admits that it relies on information that "was part of the record at the time of the original sentencing," though it maintains that the information "was not presented before this Court for the initial appeal."

A closer look at the information the government claims was not previously presented shows why it is insufficient to evade the doctrine of law of the case. First, the government disputes this Court's statement that there was "no evidence that suggested that Sholly received shipments of marijuana at other addresses." *Sholly*, 785 F. App'x at 718. In the government's view, we "neglected to consider" that

Sholly's own statements to government agents corroborated its claim that Sholly received marijuana at other unknown addresses, which, in turn, supported Sindylek's hearsay statement. We don't think we did, but that's beside the point.[1] As the government admits, the report summarizing Sholly's statements was "filed in its entirety in the record" before the original sentencing, and so it was before this Court for review in the first appeal. Our finding that there was "no evidence that suggested that Sholly received shipments of marijuana at other addresses" is, therefore, law of the case. *See Anderson*, 772 F.3d at 668.

Second, according to the government, the district court at resentencing had information we did not have "regarding nine related defendants and had already sentenced six of Mr. Sholly's co-defendants at the time of Mr. Sholly's original sentencing hearing, including Sindylek."[2] But the government fails to identify any specific information obtained from these related defendants or codefendants that corroborated Sindylek's hearsay statement. And again, the information about Sholly's codefendants was not new because, as the government's own statement

_____

[1] That Sholly identified other unknown addresses where marijuana was being sent to other members of the conspiracy does not mean that Sholly personally received marijuana at other addresses.

[2] The government also cited "additional sealed information in the record about Sindylek's statements to law enforcement," but as far as we can tell, this additional sealed information was not made available to defense counsel before or during the resentencing hearing, despite defense counsel's objection on this ground at resentencing. We therefore do not consider this information. *See United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010) (stating that a defendant must have "an opportunity to rebut" hearsay evidence used against him at sentencing).

concedes, the court had already sentenced the codefendants at the time of Sholly's original sentencing hearing. So in Sholly's first appeal, the government could have, but did not, argue that the reliability of Sindylek's hearsay statement was supported by the district court's prior interactions with Sindylek during the plea colloquy and at sentencing.

In sum, the government's contention that the doctrine of law of the case does not apply depends on (1) an argument that we previously rejected and (2) an argument that could have been, but was not, presented in the first appeal. Neither falls within an exception to law-of-the-case doctrine. *See Jackson*, 405 F.3d at 1283. And the government has not met a recognized exception by showing that substantially different evidence was produced at Sholly's resentencing, that controlling authority has changed, or that application of the prior decision would result in manifest injustice. *See id.*

For these reasons, law of the case applies to our prior determination that Sindylek's hearsay statement that Sholly received weekly shipments of marijuana was not sufficiently reliable. As a result, the government again "did not meet its burden to prove that Sholly had possessed at least 100 kilograms of marijuana in the course of the conspiracy." *Sholly*, 785 F. App'x at 718. We therefore vacate Sholly's sentence and remand with instructions to resentence Sholly based on the current record and without regard to Sindylek's hearsay statement.

8

**VACATED AND REMANDED.**