[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12677

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LUIS RAUL VICENTE FONSECA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20844-RNS-1

_____

Before GRANT, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Luis Fonseca, proceeding pro se, appeals the district court's denial of his post-conviction motion to dismiss his superseding indictment. The government moves for summary affirmance. We affirm.

## I.

In December 2019, a federal grand jury returned a three-count indictment charging Fonseca with possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). In February 2021, a federal grand jury returned a two-count superseding indictment charging him with the distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and the possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

Several continuances—largely because of the COVID-19 pandemic—delayed the start of Fonseca's trial. In all, over two years elapsed between Fonseca's initial arraignment in January 2020 and the beginning of his trial in August 2022. During that period, the Chief Judge for the Southern District of Florida issued several administrative orders to continue all jury trials. *See, e.g.*, Administrative Order 2020-18, S.D. Fla. (March 13, 2020); Administrative Order 2021-65, S.D. Fla. (July 8, 2021). The orders tolled the Speedy Trial clock.

24-12677                Opinion of the Court                3

Following trial, a jury found Fonseca guilty on both counts. The district court imposed a below-Guidelines sentence of 120 months' imprisonment followed by 15 years' supervised release. Fonseca appealed to this Court, and we affirmed. *United States v. Fonseca*, No. 22-13152, 2023 WL 7272320 (11th Cir. Nov. 3, 2023) (unpublished). As relevant here, we rejected Fonseca's argument that the district court erred by refusing to dismiss the superseding indictment on Speedy Trial Act and Sixth Amendment grounds. *See id.* at *3–4.

Nearly six months after the mandate issued from this Court, Fonseca moved to dismiss the superseding indictment in three motions. The first alleged a violation of 18 U.S.C. § 3161(b), which provides that indictments must be filed 30 days after an accused is arrested or served with a summons. The second alleged that the lapse between the superseding indictment and trial violated his constitutional right to a speedy trial. The third repeated the allegations of the first.

The district court denied each motion. The court noted that Fonseca had "filed numerous pro se motions to dismiss during the pre-trial period, during the appeal, and after his conviction was affirmed on appeal." It also explained that this Court concluded that "there was no speedy trial violation." Even if the district court disagreed, "[t]he law of the case preclude[d]" it "from making a different determination."

Fonseca appeals the denial of his third motion.

4                    Opinion of the Court                    24-12677

## II.

"The subject matter jurisdiction of the district court is a legal question that this court reviews de novo." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1194 (11th Cir. 2005).

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

## III.

Here, the district court lacked jurisdiction to consider Fonseca's motion. The Federal Rules of Criminal Procedure permit a defendant to challenge a district court's jurisdiction "at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). This case is no longer pending. Fonseca filed the earliest of his motions over 20 months after the district court's judgment (September 2022) and almost six months after this Court issued its mandate affirming his conviction (December 2023). *See Fonseca*, 2023 WL 7272320 at *1. The district court "lacked authority" to entertain each motion because "[Fonseca's] case ended, and was no longer pending" "when the mandate issued" from this Court. *United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009); *see also United States v. Diveroli*, 729 F.3d 1339, 1341–44 (11th Cir. 2013). We have granted

---

[1] *Groendyke Transportation* is binding precedent in the Eleventh Circuit under *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

motions for summary affirmance in similar circumstances. *See, e.g.*, *United States v. Mondestin*, No. 23-12380, 2024 WL 1905355 (11th Cir. May 1, 2024) (unpublished); *United States v. Wilson*, No. 23-12714, 2024 WL 80945 (11th Cir. Jan. 8, 2024) (unpublished).

Finally, even if the district court had jurisdiction, it correctly noted that the law of the case forecloses Fonseca's appeal. That doctrine "bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case." *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005). In affirming his conviction, we determined that "the speedy trial clock was properly stopped for the duration of the continuances," and that "Fonseca's constitutional speedy trial rights were not infringed." *Fonseca*, 2023 WL 7272320 at \*3, \*5. Fonseca cannot avoid these conclusions by reframing his appeal as an attack on the timing of the superseding indictment versus the start of his trial. We resolved these issues "by necessary implication" in his prior appeal. *Jordan*, 429 F.3d at 1035.

⋆    ⋆    ⋆

Because the government is "clearly right as a matter of law," we **GRANT** its motion for summary affirmance and **AFFIRM**. *Groendyke Transp.*, 406 F.2d at 1162.[2]

---

[2] After the government moved for summary affirmance, Fonseca filed another motion to dismiss the superseding indictment and a motion for release pending appeal. For the reasons explained, Fonseca's motion to dismiss is **DENIED**. His motion for release pending appeal is **DENIED** as moot.